945 P.2d 372

**Betty E. McKILLIP and Gerald E. McKillip, wife and husband, Plaintiffs–Appellants,**

**v.**

**SMITTY'S SUPER VALU, INC., a Delaware corporation, Defendant–Appellee.**

**No. 1 CA–CV 96–0307.**

Court of Appeals of Arizona, Division 1, Department C.

June 24, 1997.

Review Denied Oct. 21, 1997.*

Ralph E. Mahowald, P.A. by Ralph E. Mahowald, Scottsdale, for Plaintiffs–Appellants.

Jennings, Strouss & Salmon, P.L.C. by H. Christian Bode and James M. Ackerman, Phoenix, for Defendant–Appellee.

## OPINION

FIDEL, Presiding Judge.

When a business fails to take reasonable preventive measures to protect its customers from slippery objects on the floor, may the business shift a portion of the responsibility for a customer's slip and fall to the person who dropped the object on the floor? We answer that question affirmatively in this appeal.

---

[1] Before doing so, we consider whether the appellants' notice of appeal adequately invokes our jurisdiction to permit us to reach the merits. We answer that question affirmatively as well, concluding that the court must review notices of appeal liberally, disregarding technical, harmless errors in favor of disposition on the merits.

## HISTORY

Betty and Gerald McKillip (the "McKillips") sued Smitty's Super Valu, Inc. ("Smitty's") for injuries Betty McKillip suffered when she slipped on waxed tissue paper at a Smitty's grocery store. Smitty's employees use such paper to select bakery items for customers, including cookies Smitty's gives to children visiting the store. How the paper reached the floor, whether a person dropped the paper, and how long the paper rested on the floor are all unknown.

Smitty's designated an unknown paper-dropper as a nonparty at fault.[1] The McKillips objected that Smitty's mode of operation made it wholly liable under the circumstances, even if a person dropped the paper on the floor. Overruling the McKillips' objection, the trial court permitted the jury to apportion fault to the unknown paper-dropper. The jury did so, returning a $136,000 verdict for the McKillips, but finding Smitty's thirty-five percent at fault and the paper-dropper sixty-five percent at fault. The trial court entered judgment on the verdict.

The McKillips moved for judgment notwithstanding the verdict ("JNOV") or, alternatively, to amend the judgment. They asked the court by either means to assign Smitty's one-hundred percent of the fault. The trial court denied the motion, and the McKillips filed a timely notice of appeal, stating:

> NOTICE IS GIVEN that the Plaintiffs McKillip appeal to the Court of Appeals, Division One, from the Order denying Plaintiffs' Motion for Judgment Notwithstanding the Verdict entered by the Honorable Daniel E. Nast[r]o on May 6, 1996.

---

1. Arizona Revised Statutes Annotated ("A.R.S.") § 12–2506(B) (Supp.1996) provides in pertinent part: "Negligence or fault of a nonparty may be considered ... if the defendant gives notice be-

fore trial, in accordance with requirements established by court rule, that a nonparty was wholly or partially at fault."

## NOTICE OF APPEAL

According to *In re Thompson's Estate*, 1 Ariz.App. 18, 22, 398 P.2d 926, 930 (1965), the denial of a motion for JNOV is not an appealable order. Yet the McKillips addressed their notice of appeal to the denial of their motion for JNOV without referring to the underlying judgment. This court, therefore, drew counsel's attention to *Thompson's Estate* and asked them to address whether the McKillips had adequately invoked our jurisdiction to consider their appeal. In response, both counsel referred us to *Hanen v. Willis*, 102 Ariz. 6, 423 P.2d 95 (1967), a supreme court decision issued after *Thompson's Estate*.

In *Hanen*, our supreme court abandoned strict construction of notices of appeal in favor of "a liberal construction ... if the result is neither misleading nor prejudicial to the appellees involved." 102 Ariz. at 8, 423 P.2d at 97. Ten years earlier, a divided supreme court had taken the opposite approach. *See Arizona Corp. Comm'n v. Pacific Motor Trucking Co.*, 83 Ariz. 135, 136, 317 P.2d 562, 563 (1957).

In *Pacific Motor*, the appellant had mistakenly directed its notice of appeal to the trial court's minute entry and not to the formal judgment of the court. *Id.* at 136–37, 317 P.2d at 563–64. Finding the notice of appeal "specific in its reference," the supreme court declined to give it "any effect" as an appeal from the later judgment. *Id.* at 138, 317 P.2d at 565. Two justices dissented, characterizing the majority decision as "hypertechnical." *Id.* at 138–39, 317 P.2d at 565–66 (Windes, J. dissenting; Struckmeyer, J. concurring). The Rules of Civil Procedure, they stated, should be construed "to dispose of cases on the merits, irrespective of technical, harmless errors." *Id.* at 138, 317 P.2d at 565.

In *Hanen*, the supreme court overruled *Pacific Motor* and adopted the position of the *Pacific Motor* dissent. 102 Ariz. at 9–10, 423 P.2d at 98–99. The court cited a number of federal and state decisions in support of liberal construction of notices of appeal. Among these cases, the court quoted from *City of Joplin v. Joplin Water Works Co.*, 386 S.W.2d 369 (Mo.1965), a case essentially identical to ours. In *City of Joplin*, the appellant had appealed from an order overruling its motion for new trial—a non-appealable order in Missouri—without referring to the underlying judgment. The Missouri Supreme Court overlooked this omission and proceeded to the merits "on the theory that [the appellant] intended and in good faith attempted to appeal from the final judgment." *Id.* at 370.

The *Hanen* court also cited *Hoiness v. United States*, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16 (1948), in support of its approach. In *Hoiness*, a federal circuit court had dismissed an appeal for lack of jurisdiction because the appellant had appealed from a nonappealable post-judgment order and not from the underlying judgment. The Supreme Court reversed, stating:

> It seems to us hypertechnical to say that the appeal papers did not bring the sole issue of the case fairly before the Court of Appeals.... [T]he assignments of error framed in the appeal attacked the basis of the first order as well as the second. What appellant sought to have reviewed was plain.

*Id.* at 301, 69 S.Ct. at 72.[2]

 The McKillips, relying on *Hanen*, urge us to overlook a technical defect in their notice of appeal that was neither misleading nor prejudicial to the appellee. Smitty's

---

2. The Supreme Court later cited *Hoiness* in reinstating an appeal comparable to ours. The Ninth Circuit had dismissed for lack of jurisdiction a case in which the appellant had appealed from the denial of a motion for new trial and not from the underlying judgment. *State Farm Mut. Auto. Ins. Co. v. Palmer*, 225 F.2d 876 (9th Cir.1955). Citing *Hoiness*, the Supreme Court took certiorari and reversed in a brief order without opinion. *State Farm Mut. Auto. Ins. Co. v. Palmer*, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956).

Subsequently, in a case identical to ours, the Eighth Circuit treated as nonfatal under *Palmer* the appellant's appeal from denial of a motion for JNOV without reference to the underlying judgment. *See Railway Express Agency v. Epperson*, 240 F.2d 189, 192 (8th Cir.1957). The court found that intent to appeal from the judgment could be inferred from the text of the notice and that the appellee had not been misled by the defect. *Id.*

commendably acknowledges in response that it was neither prejudiced nor misled, and further acknowledges that the authority of *Thompson's Estate* is subject to question in light of *Hanen* and *City of Joplin.*

As a precaution, the McKillips have moved to amend their notice of appeal to include reference to the judgment. We need not act upon the motion, as we deem their notice of appeal sufficient as filed. By attempting to appeal·from the denial of a motion for JNOV that attacked an underlying judgment, the McKillips transparently attempted to appeal from the judgment itself. In the absence of prejudice to the appellee, we will proceed, as in *City of Joplin,* "on the theory that [the McKillips] intended and in good faith attempted to appeal from a final judgment." 386 S.W.2d at 370; *Hanen,* 102 Ariz. at 9, 423 P.2d at 98. To the extent that *Thompson's Estate* would direct a contrary result, *Hanen* supersedes it.

## APPORTIONMENT OF FAULT

Turning to the merits, we begin by indicating three matters that we accept as given on appeal. The first is that Smitty's engaged in a negligent mode of operation that contributed to the slip and fall of Betty McKillip. Smitty's does not claim otherwise for the purpose of appeal. The second is that the waxed tissue paper that Betty McKillip slipped on was dropped by a person and did not reach the floor through an inanimate force such as the wind. The third is that the person who dropped the paper was a customer and not someone in Smitty's employ from whom respondeat superior liability might arise. The McKillips have not attacked the evidence concerning the existence or identity of a nonparty at fault as too speculative in these or other respects to support apportionment of fault. Nor have they raised any question as to the nature or extent of identifying evidence that must be presented before it is proper to apportion fault to a nonparty. Instead, the McKillips have confined this appeal to a single issue: whether their assertion of mode-of-operation negligence prevented apportionment of fault.

 The mode-of-operation rule relieves a plaintiff from proving that a business had notice of a hazard if:

(1) the store adopted a method of operation which the store could reasonably have anticipated would regularly produce dangerous conditions; and (2) the store failed to exercise due care to prevent harm under these circumstances.

JEFFERSON L. LANKFORD & DOUGLAS A. BLAZE, THE LAW OF NEGLIGENCE IN ARIZONA § 9.9 (1992); *Chiara v. Fry's Food Stores, Inc.,* 152 Ariz. 398, 400, 733 P.2d 283, 285 (1987). The McKillips asserted mode-of-operation negligence against Smitty's, claiming that Smitty's neglected to adopt or follow operational procedures that would have prevented or expeditiously detected tissue paper on the floor, whatever the source. The jury accepted this theory by finding Smitty's partially at fault. The McKillips argue on appeal that it was inconsistent with this theory to apportion any degree of fault to an actor whose negligence Smitty's should have anticipated and prevented from causing harm.

We disagree. Arizona courts have repeatedly rejected such an argument since the advent of comparative fault. *See, e.g., Del E. Webb Corp. v. Superior Court,* 151 Ariz. 164, 169–71, 726 P.2d 580, 585–87 (1986) (a hotel charged with dram shop liability for continuing to serve liquor to an obviously intoxicated patron was permitted to attribute fault to the patron for continuing to drink); *Standard Chartered PLC v. Price Waterhouse,* 190 Ariz. 6, 41–43, 945 P.2d 317, 351–354 (App. 1996) (an accounting firm charged with negligent failure to detect an auditing client's financial mismanagement and inaccurate reporting was permitted to allocate fault to its auditing client for its financial mismanagement and inaccurate reports); *Thomas v. First Interstate Bank,* 187 Ariz. 488, 489, 930 P.2d 1002, 1003 (App.1996) (a bank charged with negligent failure to prevent a murder on its premises was permitted to allocate fault to the murderer); *Natseway v. City of Tempe,* 184 Ariz. 374, 377, 909 P.2d 441, 444 (App.1995) (a police department charged with negligent failure to protect approaching motorists from the risk of collision in a high-

speed chase was permitted to allocate fault to the suspect the police were chasing). In each of these cases, we rejected the argument that defendants with preventive responsibilities may not shift fault to persons whose conduct they should have prevented from causing harm. In *Natseway*, we explained:

> In adopting our comparative fault scheme, the legislature intended that the trier of fact consider the fault of *all persons* who contributed to the harm and intended that each tortfeasor be responsible for only his or her percentage of fault *and no more.*

184 Ariz. at 376, 909 P.2d at 443 (citations omitted).

With the same explanation, we reject the McKillips' comparable argument in this case.

Affirmed.

PATTERSON and SULT, JJ., concur.