NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SANDRA K. DOYLE, individually and as personal
representative of the Estate of Clayton William Doyle,
deceased, *Plaintiff/Appellant*,

*v.*

BASHAS' INC., an Arizona Corporation, *Defendant/Appellee*.

No. 1 CA-CV 13-0195
FILED 3-20-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2011-012506
The Honorable John Christian Rea, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Sandra K. Doyle, Superior

*Plaintiff/Appellant*

Burch & Cracchiolo PA, Phoenix
By Ian Neale, Jessica Conaway

*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

---

**N O R R I S,** Judge:

**¶1**　　　　Plaintiff/Appellant Sandra K. Doyle appeals the superior court's summary judgment for Defendant/Appellee Bashas' Inc. on her claim for the wrongful death of her husband, Clayton William Doyle ("Bill").[1]  Because a genuine dispute of material fact precluded summary judgment, we reverse and remand the judgment on Doyle's wrongful death claim for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Bill injured his hip and lower back while working for a contractor completing renovations at a Bashas' store.  Five months later, he died from an overdose of pain medication.  Doyle filed this action for negligence and wrongful death, alleging Bill's death was a direct and

---

[1]Doyle also appealed, on behalf of Bill's estate, the superior court's grant of summary judgment for Bashas' on the estate's negligence claim.  An unrepresented litigant may not appear on behalf of an estate in a court proceeding.  *Cf. Byers-Watts v. Parker*, 199 Ariz. 466, 469, ¶ 13, 18 P.3d 1265, 1268 (App. 2001) (non-attorney parent or like fiduciary must be represented by attorney to maintain lawsuit on behalf of child or incompetent person); *see also Hansen v. Hansen,* 7 Cal. Rptr. 3d 688, 691 (Cal. Ct. App. 2003) (non-lawyer representing mother's estate as personal representative could not appear *in propria persona* for estate outside probate proceedings); *In re Marriage of Kanefsky*, 260 P.3d 327, 329-30 (Colo. App. 2010) (non-lawyer conservator could not represent party in divorce action without attorney).  Accordingly, we dismiss the estate's appeal.

proximate result of Bashas' failure to exercise reasonable care in the operation or maintenance of its premises.[2]

¶3        Bashas' moved for summary judgment, arguing that, as a matter of law, Doyle could not establish that Bill's fall had caused his death.  In response, Doyle argued a reasonable jury could find Bill's fall caused his death because the overdose resulted from the treatment of injuries he sustained in the fall.  The superior court agreed with Bashas', finding Doyle had failed to present any evidence that would raise a genuine dispute of material fact as to whether Bill's overdose was causally related to his injury.

**DISCUSSION**

I.      Jurisdiction

¶4        Before discussing the merits of Doyle's appeal, we address Bashas' argument we lack jurisdiction over this appeal because Doyle personally filed the notice of appeal while represented by counsel.

¶5        Although an attorney represented Doyle in the superior court and did not formally withdraw as her counsel, she filed her notice of appeal *in propria persona*.  Arizona law prohibits a party who is represented by counsel from personally conducting any aspect of the litigation. *Lincoln v. Lincoln*, 155 Ariz. 272, 274, 746 P.2d 13, 15 (App. 1987) (citations omitted). Nevertheless, Doyle contends she had difficulties communicating with the attorney, he had abandoned her as a client, and she would have lost her right to appeal if she had not filed the notice of appeal.  We also note the presiding disciplinary judge of the State Bar of Arizona accepted the attorney's consent to disbarment on May 2, 2013, to be effective immediately.  Doyle filed her opening brief with this court on June 25, 2013, after the attorney's disbarment.  Under these circumstances, and because Bashas' has not alleged any prejudice, we determine Doyle's *in propria persona* notice of appeal was not defective. *See McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 62, 945 P.2d 372, 373 (App. 1997) (This court "review[s] notices of appeal liberally, disregarding technical,

---

[2]Doyle also alleged claims against two other defendants, and the superior court granted summary judgment for the other defendants. Those claims are not at issue in this appeal.

harmless errors in favor of disposition on the merits."); *cf. Panzino v. City of Phx.*, 196 Ariz. 442, 445-47, ¶¶ 8-15, 999 P.2d 198, 201-03 (2000) (in the context of Rule 60(c) motion, defendant bound by attorney's failure to act, even when attorney had arguably neglected and abandoned the case).

II.     Summary Judgment

**¶6**          Here, as in the superior court, the parties focus their arguments regarding the appropriateness of summary judgment on the issue of causation and, more specifically, on the doctrine of intervening, superseding causation. "An intervening cause is an independent cause that intervenes between defendant's original negligent act or omission and the final result and is necessary in bringing about that result." *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546, 789 P.2d 1040, 1047 (1990) (citations omitted). "Not all intervening acts are superseding causes, however. A superseding cause . . . arises only when an intervening force was unforeseeable and may be described, with the benefit of hindsight, as extraordinary." *Id.* (citations omitted).

**¶7**          Doyle argues the overdose was not a superseding cause and Bill's injury at the Bashas' store remained the proximate cause of his death because he would not have required the pain medication but for that injury. She further asserts a reasonable jury could find the overdose was a foreseeable, and not extraordinary, consequence of Bill's injury. In support of her argument, Doyle points to evidence in the record that Bill suffered from a pre-existing liver disease that may have caused him to become confused and ingest more than his prescribed amount of pain medication or increased his sensitivity to "CNS-depressant drugs (alcohol, muscle relaxants, pain medications)" leading to toxic levels in his bloodstream and a fatal overdose.[3]

**¶8**          Viewing this evidence and reasonable inferences in the light most favorable to Doyle, *see Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 11 (2003), we agree with Doyle that a genuine dispute of material

---

[3]In responding to Bashas' summary judgment motion, Doyle submitted a letter from Bill's treating doctor that discussed Bill's pre-existing liver disease. Bashas' neither raised an evidentiary objection to this letter nor moved to strike it. *Cf. Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 112, ¶ 26, 158 P.3d 232, 241 (App. 2007) (holding evidentiary deficiencies in affidavit supporting motion for summary judgment waived for failure to either object or move to strike).

fact exists as to whether the overdose was a superseding cause of Bill's death.[4]  A reasonable jury could find Bashas' alleged negligence was, at least partially, the proximate cause of Bill's death because his injury led to his use of the prescription pain medication that ultimately killed him.  *See Ritchie v. Krasner*, 221 Ariz. 288, 299, ¶¶ 28-29, 211 P.3d 1272, 1283 (App. 2009) (holding jury did not err in finding physician's misdiagnosis was partially the proximate cause of decedent's fatal overdose of pain medication used to treat the overlooked condition); *Barrett v. Harris*, 207 Ariz. 374, 380-81, ¶¶ 24-26, 86 P.3d 954, 960-61 (App. 2004) (discussing "substantial factor" test for proximate causation); Restatement (Second) of Torts § 457 (1965) (negligent actor may be liable for additional harm resulting from third persons' acts -- whether proper or negligent -- in rendering aid for the original injury).

¶9            Bashas' argues that Bill's death was not from the drug overdose alone, but rather from the combined effect of taking the pain medication with alcohol and anti-depressants and that this act constituted an intervening, superseding cause.  Bill's act, however, would only relieve Bashas' from liability if it was both unforeseeable by a reasonable person in Bashas' position and, with the benefit of hindsight, extraordinary. *Robertson*, 163 Ariz. at 546, 789 P.2d at 1047.  Further, a reasonably foreseeable event is one that "might reasonably be expected to occur now and then, and would be recognized as not highly unlikely if it did suggest itself to the actor's mind." *Tellez v. Saban*, 188 Ariz. 165, 172, 933 P.2d 1233, 1240 (App. 1996) (citation omitted) (internal quotation marks omitted).

¶10           The question presented by Bashas' argument, thus, is whether Bill's act of ingesting the pain medication with alcohol and anti-depressants might "reasonably be expected to occur now and then." *See id.*  On this record, a reasonable jury could answer this question: "Yes." *See Ritchie*, 221 Ariz. at 299, ¶ 28, 211 P.3d at 1283 (jury could find decedent's physical deterioration and reliance on medication foreseeable); *Gipson v. Kasey*, 212 Ariz. 235, 243, ¶ 34, 129 P.3d 957, 965 (App. 2006) (reasonable jury could find decedent's act of ingesting pain pills with alcohol might be expected to occur now and then), *vacated in part on other*

---

[4]In the superior court, Bashas' argued Bill had committed suicide, and Doyle disputed this.  Bashas' offered no evidence in support of its position, however, and instead maintained that the manner of Bill's death was irrelevant for purposes of its motion.

*grounds*, 214 Ariz. 141, 150 P.3d 228 (2007).[5]  Further, as we noted in *Gipson*, "[i]n Arizona a court generally cannot grant summary judgment or a directed verdict on the basis of plaintiff's fault in causing an injury or death."  212 Ariz. at 243, ¶ 35, 211 P.3d at 965.

## CONCLUSION

**¶11**        For the foregoing reasons, we reverse the superior court's summary judgment for Bashas' on Doyle's claims and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: mjt

---

[5]Because a genuine dispute of material fact regarding foreseeability exists, we do not need to decide whether Bill's act, with the benefit of hindsight, is "extraordinary."