NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

TRACY L. COHEN, *Petitioner/Appellee*,

*v.*

JOSHUA D. COHEN, *Respondent/Appellant*.

No. 1 CA-CV 13-0297
FILED 07-22-2014

Appeal from the Superior Court in Maricopa County
No. FC2011-004097
The Honorable Pamela S. Gates, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Fromm Smith & Gadow, PC, Phoenix
By Stephen R. Smith and Jennifer G. Gadow
*Counsel for Petitioner/Appellee*

Burt & Feldman, Scottsdale
By Elizabeth L. Feldman
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

_____

**G E M M I L L**, Judge:

**¶1** Respondent/Appellant Joshua D. Cohen (Father) appeals that portion of the family court's decree of dissolution awarding Petitioner/Appellee Tracy L. Cohen (Mother) spousal maintenance and attorneys' fees. We affirm the family court's determination that Mother is entitled to spousal maintenance under Arizona Revised Statutes (A.R.S.) section 25-319(A), but we remand for a new determination, in accordance with A.R.S. § 25-319(B), of the amount of spousal maintenance. We also affirm the family court's award of attorneys' fees to Mother.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** We view the facts in the light most favorable to upholding the court's decree. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5, 972 P.2d 676, 679 (App. 1998).

**¶3** The parties were married in September 1998. During the first six years of the marriage, Mother worked as an attorney, making approximately $120,000 per year. After Father completed his medical training and the parties' first child was born, Mother ceased employment outside the home to become a stay-at-home mother.

**¶4** In June 2011, Mother petitioned for dissolution. As relevant, she asked the court to award her $18,000 per month as spousal maintenance for a period of six years. Father opposed the request, arguing Mother could be self-sufficient through employment and would receive sufficient property from the division of the community assets to provide for her reasonable needs. After conducting an evidentiary hearing, the court awarded Mother spousal maintenance of $17,000 per month for a period of four years. The court also ordered Father to pay $10,000 toward Mother's attorneys' fees. The family court denied Father's motion for new trial, and he timely appealed.

**¶5** We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) & (5)(a).[1]

_____

[1] Husband's notice of appeal only identifies the order denying the motion for new trial. Mother, however, received adequate notice that Father intended to appeal both the decree and the order, and she has neither

**ANALYSIS**

**¶6**        Father argues the family court erred in determining Mother is entitled to an award of spousal maintenance and by awarding her $17,000 per month.  He also contends the court erred by ordering him to pay $10,000 toward Mother's attorneys' fees.

**I.        Spousal Maintenance**

**¶7**        We review the family court's award of spousal maintenance for an abuse of discretion and will affirm the judgment if there is reasonable evidence to support it.  *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9, 160 P.3d 231, 233 (App. 2007);  *Gutierrez*, 193 Ariz. at 348, ¶ 14, 972 P.2d at 681.

**A.        Entitlement to Spousal Maintenance**

**¶8**        As a threshold matter, A.R.S. § 25-319(A) provides that the family court may award spousal maintenance if it finds that a spouse:

> 1.        Lacks    sufficient    property,    including    property apportioned to the spouse, to provide for that spouse's reasonable needs.

> 2.        Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient.

> 3.        Contributed to the educational opportunities of the other spouse.

---

objected to nor argued she is prejudiced by the notice of appeal.  Under these circumstances, we determine Father substantially complied with Arizona Rule of Civil Procedure 8(c).  *See Hill v. City of Phoenix*, 193 Ariz. 570, 572-73, ¶ 10, 975 P.2d 700, 702-03 (1999) (holding a defective notice of appeal should be construed as sufficient so long as the defect has neither misled nor prejudiced an opposing party); *McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 62, 945 P.2d 372, 373 (App. 1997) (stating court reviews notices of appeal liberally, disregarding harmless technical errors in favor of disposition on the merits).

4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

¶9 The family court found Mother was entitled to an award of spousal maintenance because she lacks sufficient property to provide for her reasonable needs. During trial, Mother testified that she worked as an attorney for the first six years of her marriage while Father pursued medical school. After the birth of parties' first daughter, Mother stopped working outside the home to concentrate on raising their children. The family court found that, because of this decision, Mother is not currently in a position to provide for her reasonable needs despite obtaining part-time employment after dissolution. According to the court, Mother is capable of re-entering the workforce and gaining experience to independently meet her reasonable needs, but is not yet in a position to do so because she lacks an Arizona bar license and the experience necessary to re-enter the workforce.

¶10 In ruling that Mother was entitled to spousal maintenance, the family court found that she lacks sufficient property to provide for her reasonable needs, noting those needs must be "viewed from the vantage point of the parties' marriage." It is also apparent that Mother contributed to the educational opportunities of Father by providing the primary financial support for the family while Father finished medical school and post-graduate training.

¶11 Therefore, on this record, we find no abuse of discretion in the trial court's decision that Mother is entitled to an award of maintenance.

## B. Amount of Spousal Maintenance

¶12 The question of entitlement to spousal maintenance under § 25-319(A) is distinct from the determination of the amount of maintenance under § 25-319(B). If the family court determines a spouse is entitled to an award of spousal maintenance, it must then consider the thirteen factors set forth in § 25-319(B) to determine the amount and duration of the award. At trial, Mother explained that her monthly needs equaled $21,956. Father argued that amount was unreasonable, noting that Mother's budget allocated $600 per month for her hair care, $1,000 for her clothing expenses, and $1,000 for gifts. But Mother testified that these amounts were typical for the family's lifestyle for the past 7 years and the family court awarded her $17,000 per month in maintenance.

¶13        On appeal, Father contends the family court erred in awarding Mother $17,000 per month.  We agree.  In considering the statutory factors relevant to the amount of spousal maintenance, the court acknowledged the testimony of Mother's expert that Mother needs $21,956 per month but concluded that amount was "excessive." Nevertheless, when the court calculated the amount of Mother's spousal maintenance, it identified Mother's needs as $21,956.  Given this seemingly conflicting information, we are uncertain what amount the family court determined Mother needed for her reasonable monthly needs.  *See Elliott v. Elliott*, 165 Ariz. 128, 135, 796 P.2d 930, 937 (App. 1990) (appellate court may not infer additional findings necessary to support the judgment if they are contradicted by the ruling).  We agree with the family court's "excessive" characterization but conclude that the court must determine Mother's reasonable monthly needs and then decide an appropriate amount of maintenance.  And although the prior lifestyle of the spouses should be taken into consideration, the law does not and cannot guarantee every spouse the amount of maintenance necessary to match the standard of living during the marriage.  *See Rainwater v. Rainwater*, 177 Ariz. 500, 504, 869 P.2d 176, 180 (App. 1993) (holding that the party of lesser earning capacity will not necessarily receive spousal support to maintain the standard of living achieved during the marriage). For these reasons, we vacate the spousal maintenance award of $17,000 and remand for a new determination in accordance with A.R.S. § 25-319(B).

## II.    Attorneys' Fees

¶14        Finally, Father argues the family court erred by ordering him to pay $10,000 of the attorneys' fees Mother incurred in the dissolution proceeding.   He contends the court erred because Mother received significant property in the dissolution and Father already contributed to Mother's attorneys' fees when the parties paid their attorneys' fees from community funds.[2]

---

[2] Father asserts the court erred by requiring him to pay an "exorbitant and unreasonable" amount toward Mother's fees, noting that Mother's fees totaled more than twice the amount Father incurred.   However, Father did not present specific objections to the reasonableness of Mother's fees in the superior court and we therefore do not address his argument.  *See Napier v. Bertram*, 191 Ariz. 238, 239, ¶ 6, 954 P.2d 1389, 1390 (1998) (appellate court will not consider new arguments raised for

¶15        In a dissolution case, the court may award fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). The trial court has broad discretion when awarding attorneys' fees and we will not disturb its award absent an abuse of discretion. *Gutierrez*, 193 Ariz. at 351, ¶ 32, 972 P.2d at 684. The family court's decree reflects that it considered the relevant factors and Father does not challenge its findings that both parties acted unreasonably during the pendency of the dissolution and Father has superior financial resources. The court's observation that Mother was to receive a "significant amount" of community property is not inconsistent with its award of $10,000 toward Mother's attorneys' fees, her share of which exceeded $27,000. We find no abuse of discretion. *See MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 38, 250 P.3d 1213, 1221 (App. 2011) (affirming partial award of attorneys' fees to husband under A.R.S. § 25-324 and stating trial court was in the best position to observe and assess the conduct of the parties). Finally, because the family court's award of fees was based on the considerations set forth in § 25-324 and not the outcome of the proceedings, our decision to vacate the spousal maintenance amount under § 25-319(B) and remand for further proceedings does not affect the validity of the family court's award of fees to Mother.

**CONCLUSION**

¶16        For the foregoing reasons, we vacate the family court's award of spousal maintenance and remand for further proceedings on that issue consistent with this decision. We affirm the family court's award of attorneys' fees to Mother.

¶17        Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we deny

_____

the first time on appeal); *cf. Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 38, 167 P.3d 1277, 1286 (App. 2007) (discussing discretionary award of fees under A.R.S. § 12-341.01 and stating that the party opposing the fee award must demonstrate the impropriety or unreasonableness of the requested fees; "It is not enough ... simply to state, for example, that the hours claimed are excessive and the rates submitted too high.") (citation omitted).

both requests.  Father is entitled to an award of taxable costs incurred on appeal upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

