NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAURA L. MEDLEY, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 13-0714
FILED 10-30-2014

Appeal from the Superior Court in Maricopa County
No.  CV2012-018693
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

COUNSEL

Laura L. Medley, Goodyear
*Plaintiff/Appellant in Propria Persona*

Arizona Attorney General's Office, Phoenix
By Kelley J. Morrissey
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Diane M. Johnsen joined.

---

**K E S S L E R**, Judge:

**¶1**         Plaintiff-Appellant Laura L. Medley ("Medley") appeals the superior court's judgment dismissing her claims against Defendant-Appellee, the State of Arizona ("the State").  For the reasons stated below, we affirm the superior court's order dismissing Medley's case with prejudice.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         In 2012, Medley filed a complaint against the State ("the present case") alleging that the failure of the Arizona Department of Corrections ("ADOC") to process Medley's "legal mail in accordance with [ADOC's] Department Orders 902 and 914" resulted in the dismissal of a previous case Medley had filed in 2010 ("the previous case").[1]  Medley claimed that such conduct amounted to intentional infliction of emotional distress, asserting she could no longer eat or sleep and her health deteriorated as a result of the dismissal of the previous case.  Medley sought an award of damages against the State.  The State filed a motion to dismiss the present case arguing, inter alia, that Medley's claim and the issue she

---

[1] *Medley v. State*, CV 2010-032522 (Maricopa Cnty. Super. Ct.).  On January 19, 2012, the previous case was dismissed with prejudice as a result of Medley's failure to file a notice of claim with the Arizona Attorney General's office, as required by Arizona Revised Statutes ("A.R.S.") section 12-821.01 (Supp. 2013).    Medley appealed the dismissal of the previous case, but shortly thereafter, we granted her motion to voluntarily dismiss the appeal.  *See* Order to Dismiss, *State v. Medley*, 1 CA-CV 12-0196 (Ariz. App. July 6, 2012).

presented were barred by the doctrines of res judicata and collateral estoppel.[2]

**¶3** After an order to show cause hearing, the superior court vacated its previous denial of the State's motion to dismiss the present case and dismissed the present case with prejudice. The court based its decision on the "reasons set forth on the record." Medley has not provided us with a record of this hearing, which would presumably have included the reasons for the dismissal. Medley filed a motion for reconsideration, which the court denied.

**¶4** Medley filed a timely appeal.[3] We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (Supp. 2013).

## DISCUSSION

I.    Standard of Review

**¶5** We review a superior court's order granting a motion to dismiss *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8, 284 P.3d 863, 866-67 (2012).

---

[2] The State also argued the complaint in the current case was barred by the applicable statute of limitations and A.R.S. § 31-201.01(L) (Supp. 2013), that Medley failed to state a claim for intentional infliction of emotional distress, that Medley could not assert a damages claim directly under the United States Constitution, and that Medley failed to exhaust her available administrative remedies prior to filing suit.

[3] Medley's notice of appeal was file stamped on October 28, 2013, thirty-five days after entry of the superior court minute entry dismissing the present case. This Court has held, however, "that a *pro se* prisoner is deemed to have filed [her] notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court." *Mayer v. State*, 184 Ariz. 242, 245, 908 P.2d 56, 59 (App. 1995). The record reflects Medley's notice of appeal was received by the clerk of the superior court on October 23, 2013, thirty days after the entry of judgment. As such, one may assume Medley delivered her notice of appeal to the proper prison authorities before October 23, 2013, making her appeal timely.

II.     Jurisdiction

¶6          Relying on *Sandretto v. Payson Healthcare Management, Inc.*, 234 Ariz. 351, 322 P.3d 168 (App. 2014), the State argues this Court lacks jurisdiction to consider the superior court's dismissal of the present case because Medley's notice of appeal stated she was appealing from the "judgment entered in this action on the 16th day of October 2013." The minute entry outlining the court's denial of Medley's motion for reconsideration was dated October 16, 2013; however, the court's minute entry granting the State's motion to dismiss was dated September 19, 2013 and filed September 23, 2013.  In *Sandretto*, the appellant's notice of appeal sought review from an order denying a motion for new trial, rather than the judgment itself.  234 Ariz. at 355, ¶ 7, 322 P.3d at 172.  We limited our review to the denial of the motion for new trial, even though, in its briefs, the appellant raised arguments pertaining to the underlying judgment.  *Id.*

¶7          We have jurisdiction over Medley's appeal.  Generally, a notice of appeal shall specify the party taking the appeal, the judgment or part thereof appealed from, and the name of the court to which the appeal is taken.  ARCAP 8(c); *see also* ARCAP 8(a) (providing that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.").  A defective notice of appeal is "sufficient as a notice if it is neither misleading nor prejudicial." *Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 50, ¶ 12, 969 P.2d 653, 656 (1998); *see also Hanen v. Willis*, 102 Ariz. 6, 9-10, 423 P.2d 95, 98-99 (1967).

¶8          Concerning notices of appeal containing technical defects, errors, or omissions, the Arizona Supreme Court held that "(1) where the court of appeals has general subject matter jurisdiction as well as personal jurisdiction over the parties, the court should strive to resolve an appeal on the merits; (2) an appellant who fails to follow appellate procedure does so at the risk of losing his right to judicial review on the merits; (3) such sanction should generally result upon a showing of prejudice to an adverse party; and (4) absent such prejudice, society's interests in adjudicating appeals on the merits should govern." *Hill v. City of Phoenix*, 193 Ariz. 570, 574, ¶ 18, 975 P.2d 700, 704 (1999).  Technical defects in notices of appeal, such as the date of the order from which an appeal is taken, do not affect appellate jurisdiction, so long as they are neither misleading nor prejudicial. *See Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 11, 83 P.3d 56, 59 (App. 2004) (holding that notice of appeal from order denying motion for relief from judgment, rather than the underlying judgment, conferred jurisdiction on

the appellate court to review the underlying judgment when motion addressed alleged error in entering judgment). Absent prejudice to appellee, we treat an appellant's attempt "to appeal from the denial of a [non-appealable order] that attacked an underlying judgment," as an "attempt[] to appeal from the judgment itself." *McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 64, 945 P.2d 372, 375 (App. 1997) (holding that a notice of appeal which referred only to the denial of a motion for judgment notwithstanding the verdict, rather than the underlying judgment, sufficiently invoked appellate jurisdiction because it was neither misleading nor prejudicial to the adverse party).

**¶9** This case is closer to *Schwab* and *McKillip* than *Sandretto*. Although Medley listed the incorrect date in her notice of appeal, she referred to the judgment in the underlying case. Further, her notice of appeal was neither misleading nor prejudicial to the State. Conversely, in *Sandretto*, the appellant's notice of appeal was clear that it was limited to the order denying the motion for new trial and failed to reference the judgment. Finally, similar to the order in *McKillip*, the order from which Medley appealed, a denial of a motion for reconsideration, is a non-appealable order.[4] Therefore, because Medley's notice of appeal was neither misleading nor prejudicial to the State, this Court "will proceed . . . 'on the theory that [Medley] intended and in good faith attempted to appeal from a final judgment.'" *McKillip*, 190 Ariz. at 64, 945 P.2d at 375 (quoting *City of Joplin v. Joplin Water Works Co.*, 386 S.W.2d 369, 370 (Mo. 1965)).

---

[4] "To be appealable, a special order after judgment must raise different issues than those that would be raised by appealing the underlying judgment . . . ." *In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶ 3, 9 P.3d 329, 331 (App. 2000). Here, Medley raised no new issues in her motion for reconsideration and an appeal from the superior court's denial of Medley's motion for reconsideration would raise issues identical to those that could have been raised in an appeal from the judgment. Therefore, this Court would not have jurisdiction to independently review the denial of Medley's motion for reconsideration.

III.    Collateral Estoppel

¶10        We address only the State's argument about collateral estoppel because it is dispositive.[5]  We agree with the State that Medley is collaterally estopped from relitigating the issue of whether Medley's previous case was dismissed as a result of ADOC mishandling her outgoing legal mail, specifically her notice of claim related to the previous case.

¶11        "We review the availability of collateral estoppel *de novo*." *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 513, ¶ 6, 990 P.2d 1069, 1072 (App. 1999).  "[C]ollateral estoppel precludes the relitigation of a fact or issue previously determined in a prior suit between the same parties or their privies." *Wetzel v. Ariz. State Real Estate Dep't*, 151 Ariz. 330, 333, 727 P.2d 825, 828 (App. 1986).  Collateral estoppel requires that "(1) the parties actually litigated the issue in the prior proceeding; (2) the parties had a full and fair opportunity [and motive] to litigate the issue; (3) the issue's resolution was essential to the decision; (4) the court entered a valid final decision on the merits; and (5) a common identity of parties exists." *Calpine Constr. Fin. Co. v. Ariz. Dep't of Revenue*, 221 Ariz. 244, 249, ¶ 25, 211 P.3d 1228, 1233 (App. 2009).

        A.    The parties actually litigated the issue during the previous case.

¶12        "When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986).  The issue of whether ADOC interfered with Medley's legal mail was raised and addressed on several occasions during the previous case.  First, on at least two occasions, at the request of Medley, the superior court specifically ordered ADOC to comply with its internal regulations in dealing with Medley's legal mail.  Further, in her response to the State's motion to dismiss the previous case, Medley alleged her notice

---

[5] Although both Medley and the State address collateral estoppel and res judicata in their briefs, we find Medley's only claim in the present case was that her previous case "was dismissed as a result of the [ADOC] tampering with her legal mail precluding the notice of claim from being filed with the Arizona Attorney General's office."  Therefore, we do not address the application of res judicata to Medley's claim from the previous case that two correctional officers planted or attempted to plant a white powdery substance in her cell.

of claim was not received by the Attorney General ("the AG") as a result of ADOC's "decision to tamper with [Medley's] outgoing legal mail." In its reply, the State highlighted that Medley lacked evidence on which to base such a contention.[6]

¶13 In the previous case, the superior court held an evidentiary hearing to resolve Medley's contention that ADOC interfered with her efforts to file a timely notice of claim. The transcript from that evidentiary hearing is not in the record. Therefore, we are unable to review any testimony or evidence Medley may have presented regarding her assertion that her notice of claim did not reach the AG's office as a result of ADOC tampering with her outgoing legal mail.

¶14 "As to matters not in our record, we presume that the record before the trial court supported its decision." *Ashton-Blair v. Merrill*, 187 Ariz. 315, 317, 928 P.2d 1244, 1246 (App. 1996). According to the superior court's minute entry dismissing the previous case, the court found no credible evidence that Medley filed a timely notice of claim. Further, the court found that Medley's testimony regarding her notice of claim "was inconsistent, uncorroborated, and ultimately, not credible." As such, we presume the evidence and testimony from the evidentiary hearing supported the court's decision to dismiss the case and that the court did not find Medley's assertions, including that her notice of claim was not received by the AG's office because ADOC tampered with her outgoing legal mail, to be credible.

¶15 Medley properly raised the issue of whether her notice of claim failed to reach the AG's office as a result of ADOC's tampering with her outgoing legal mail during the previous case, most prominently in her response to the State's motion to dismiss the previous case. Further, the issue was submitted for determination and determined by the superior court during the aforementioned evidentiary hearing. Therefore, the issue Medley raised in the present case was actually litigated by Medley during the previous case.

---

[6] This Court may take judicial notice of the superior court's record in the previous case. *In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4, 10 P.3d 1211, 1212 (App. 2000) (An appellate court may "take judicial notice of anything of which the trial court could take notice," including the superior court's "own records or those of another action tried in the same court.").

        B.     The parties had a full and fair opportunity and motive to litigate the issue during the previous case.

¶16        During the previous case proceedings, Medley had both opportunity and motive to litigate whether her notice of claim did not reach the AG's office as a result of ADOC interfering with her outgoing legal mail. As previously discussed, during the previous case, Medley was afforded the opportunity to produce evidence supporting her allegations. Further, Medley had motive to litigate this issue during the previous case, because she was attempting to avoid dismissal of her claims. In her response to the State's motion to dismiss the previous case, Medley alleged the AG's office did not receive her notice of claim solely as a result of ADOC's "decision to tamper with [Medley's] outgoing legal mail." This being the sole explanation provided by Medley for her failure to file a notice of claim and because the failure to file a notice of claim under A.R.S. § 12-821.01 (Supp. 2013) may result in dismissal, Medley had motive to litigate any allegations of misconduct on the part of ADOC with regards to her legal mail.

        C.     The issue's resolution was essential to the decision.

¶17        The issue of whether ADOC tampered with Medley's outgoing legal mail was essential to the superior court's decision to dismiss Medley's previous case. If the court had concluded there was a genuine dispute of material fact as to whether ADOC had tampered with Medley's outgoing legal mail, causing her notice of claim not to arrive at the AG's office within the appropriate time period, the court would not have dismissed Medley's previous case. *See Pritchard v. State,* 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990) (holding that late notice of claim was subject to equitable tolling, waiver and estoppel); *Pueblo Santa Fe Townhomes Owners' Assoc. v. Transcon. Ins. Co.,* 218 Ariz. 13, 21, ¶ 30, 178 P.3d 485, 493 (App. 2008) (stating that equitable estoppel applies if a party intentionally or negligently induces another to believe material facts, the other person reasonably relies on such facts, and the other person is injured as a result); *see also City of Phoenix v. Fields,* 219 Ariz. 568, 574, ¶ 27, 201 P.3d 529, 535 (2009) (stating that governmental entities may waive the notice of claim statute based on conduct during litigation of the claim); J. James Fraiser III, *A Review of Issues Presented by § 11–46–11 of the Mississippi Tort Claims Act: The Notice Provisions and Statute of Limitations,* 65 Miss. L.J. 643, 666 (1996) (noting that some states requiring strict compliance with notice of claim provisions allow waiver or estoppel by pre-litigation conduct if such conduct induced reliance by the claimant that a notice was not needed).

    D.     The superior court entered a valid final decision on the merits.

**¶18** In considering whether collateral estoppel applies, a final judgment is "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Elia v. Pifer*, 194 Ariz. 74, 81, ¶ 33, 977 P.2d 796, 803 (App. 1998) (quoting Restatement (Second) of Judgments § 13 (1982)). Rule 41(b) of the Arizona Rules of Civil Procedure provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Medley contends that the dismissal of the previous case did not constitute a final decision on the merits because it was based on her failure to file a notice of claim in accordance with A.R.S. § 12-821.01. Medley argues that the previous case was dismissed for lack of jurisdiction, not on the merits.

**¶19** Contrary to Medley's argument, however, the filing of a notice of claim "is not a jurisdictional prerequisite to bringing suit, but is a requirement more analogous to a statute of limitations." *Pritchard*, 163 Ariz. at 430, 788 P.2d at 1181; *see also Lee v. State*, 225 Ariz. 576, 579, ¶ 10, 242 P.3d 175, 178 (App. 2010) (finding no reason "that the logic of our supreme court's holding in *Pritchard* should not apply equally to the current version of" A.R.S. § 12-821.01).[7] Further, the superior court dismissed Medley's complaint in the previous case with prejudice. Therefore, the superior court entered a valid final decision on the merits in the previous case.

    E.     A common identity of parties exists.

**¶20** Finally, both the previous and present cases involved the same parties.

---

[7] The legislature again amended A.R.S. § 12-821.01, effective August 2, 2012, to include language addressing the resolution of genuine issues of material fact with regards to compliance with the statute. The changes are not material to this decision

**CONCLUSION**

**¶21** Medley is collaterally estopped from litigating whether mail tampering by ADOC prevented her from timely filing a notice of claim before she filed the previous case. Accordingly, we affirm the superior court's order granting the State's motion to dismiss Medley's complaint.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh