509 P.2d 721

David A. GUBERMAN, Petitioner,

v.

The Honorable Kenneth C. CHATWIN, Judge of the Superior Court of Maricopa County, Arizona, the Honorable Donald F. Froeb, Presiding Judge of the Superior Court of Maricopa County, Arizona, Gordon W. Allison, Administrator of the Superior Court of Maricopa County, Arizona, Respondents,

Dr. Murray H. COHEN, Rochelle Cohen, Alex D. Hegel, Johnaquille Hegel, Sierra National Corporation, an Arizona corporation, Respondents-Real Parties In Interest.

No. 1 CA–CIV 2324.

Court of Appeals of Arizona,
Division 1,
Department A.
May 1, 1973.

Superior Court for Maricopa County, The Honorable Donald F. Froeb, filed a response seeking directives from this Court. The Respondent Judge, The Honorable Kenneth C. Chatwin, and the Respondent-Court Administrator for the Superior Court for Maricopa County, Mr. Gordon W. Allison, were served and did not appear. The real parties in interest appeared by their counsel.

In view of the important procedural aspects of an attempt by the petitioner to disqualify the Respondent Judge and the order entered by the Respondent-Presiding Judge, we deem it appropriate to write an opinion. In our view the record before us is not complete and we cannot make a final decision as to the disqualification issue.

■ Based upon a number of special actions which have been presented to this Court, it appears to this Court that the Bar seems to entertain the concept that special actions are a speedy method of appeal based upon records which, as presented to us, are incomplete. By a special action this Court is not rendered clairvoyant. The basis for the requested relief should be documented in the record which is presented to this Court. This Court cannot base the granting of special action relief upon the arguments of counsel.

The petitioner is the plaintiff in the above-numbered Superior Court action and the respondents-real parties in interest are the defendants. The Respondent Judge had ruled on a motion to dismiss which was addressed to the original complaint and an amended complaint was filed.

■ There have been problems in the taking of the depositions of the respondents-real parties in interest. Some of these problems arose by reason of changes in retained counsel, counsel who did not appear in this Court in this proceeding. Because counsel before this Court represent some of the parties that they did not represent in the trial court, the petitioner has filed a motion requesting that his prayer for relief in this special action be granted. By this opinion, that motion is denied. We are not concerned as to the attorneys who repre-

David A. Guberman, petitioner, in pro per.

Donald F. Froeb, respondent, in pro per.

Moeller, Jensen & Henry by James Moeller and Michael J. LaVelle, Phoenix, for respondent—real party in interest Sierra National Corp.

Gerald G. Eastman, Phoenix, for respondents—real parties in interest.

STEVENS, Judge.

This special action seeking relief in relation to the above-numbered Superior Court cause was presented at an informal hearing. The petitioner appeared in person. The Respondent-Presiding Judge of the

sented various of the real parties in interest in the Superior Court; we are concerned only with that representation in the Court of Appeals.

On 3 November 1972, in the Superior Court, the petitioner filed a multifaceted motion seeking, among other relief, the imposition of sanctions in relation to his discovery problems. These matters were presented to the Respondent Judge who denied a portion of the relief and held the request for relief in other particulars under advisement.

Petitioner filed an A.R.S. § 12–409 affidavit of bias and prejudice directed to the Respondent Judge and, becoming aware of the change in procedures, he withdrew the affidavit. On Wednesday the 10th day of January, 1973 the petitioner filed a Rule 42(f)(1)(A) notice of change of judge [Rules of Civil Procedure, 16 A.R.S. as amended effective 1 March 1972].

■■ We find no express provision for the filing of a resistance to the notice of change of judge. Rule 42(f)(1)(C) requires that the notice be "timely" or there is a "waiver" of the right as recognized by Rule 42(f)(1)(D). Rule 42(f)(1)(F) states that if the notice is timely filed the parties have 10 days to agree in writing as to the judge to whom the case is to be assigned. We hold that the filing of a resistance to the attempted disqualification is implicit in Rule 42(f) and that Rule IV(a), Uniform Rules of Practice, 17 A.R.S., prescribes the 5-day period within which to file the resistance to the notice of change.

The notice of change of judge was served by mail on Wednesday, 10 January and the five days to respond thereto was extended by three more days under Rule 6(e). Rule 6(a) eliminates intervening Saturdays, Sundays and holidays when any time element is less than seven days. Applying Rule 6(a), had the notice of change of judge been personally served the fifth judicial day thereafter, that is to say the date upon which the resistance thereto should have been filed, it would have been Wednesday the 17th. Since it was served

by mail, the third judicial day next following the 17th was Monday the 22nd.

On 24 January a resistance to the change was filed. We do not have this document before us. We are informed that the resistance was based upon the contention that the notice of change of judge was not timely filed and that the right to disqualify the Respondent Judge had been waived, it being urged that the Respondent Judge had ruled on a portion of "the merits of the action". See Rule 42(f)(1)(D)(i).

On 25 January the Respondent Judge entered the following order:

"Notice of change of judge having been filed, IT IS ORDERED transferring the above-entitled case to Judge Froeb, Presiding Judge for reassignment."

It was somehow called to the attention of the Respondent-Presiding Judge that the opposition to the notice of change of judge had been filed before the 25 January order of the Respondent Judge. The Respondent-Presiding Judge entered an order on 1 February returning the matter to the Respondent Judge for a reconsideration of his 25 January ruling in the light of the opposition to the notice of change of judge. On 6 February the Respondent Judge entered the following order:

"That the rulings made on November 9, 1972, on plaintiff's motions and memorandum, filed November 3, 1972, constitute a hearing and ruling on some of the merits involved in this cause, and that the notice for change of judge is not timely and plaintiff has waived his right for change of judge under Rule 42(F)(1)."

The last recited order was entered before the petitioner's time to reply to the opposition to his notice of change of judge had expired. The foregoing presents the basic issue before us for the reason that if the notice of change of judge in fact and in law disqualified the Respondent Judge, then the order of the Respondent-Presiding Judge entered on 1 February was erroneous and the 6 February order of the Respondent Judge was without jurisdiction.

The Superior Court action having been pending for a year without the filing of a certificate of readiness, the Respondent-Court Administrator, pursuant to Rule V(d) of the Uniform Rules of Practice, gave notice that the case was transferred to the inactive calendar to there be held for two months and thereafter to be dismissed for want of prosecution. In the special action before this Court the petitioner requests that we restrain such dismissal. We dispose of this issue first. The Respondent-Court Administrator was performing a ministerial act mandated by the rule. This Court will not review the exercise of the Court Administrator's mandated ministerial act. The same rule affords the remedy which is the proper application for relief addressed to the Superior Court. There is an additional reason why this Court will not review the action of the Respondent-Court Administrator in transferring the case to the inactive calendar. This Court's authority to entertain special actions, formerly designated as writs, is found in A.R.S. § 12–120.21, subsec. A(3) and such special actions may be entertained only in relation to "the exercise of its [this Court's] appellate jurisdiction". There is no appeal from the initial transfer of a case pending in the Superior Court to the inactive calendar and such transfer, in compliance with the rule, may not be reviewed on appeal. A litigant's remedy would be to seek relief in the Superior Court and the action of the Superior Court in granting or denying relief would be reviewable.[1]

The petitioner urges that since he has been unable to complete his discovery by reason of the difficulties in the taking of depositions, he cannot file a certificate of readiness and therefore the case should not be dismissed for want of prosecution. We sympathize with his problem. The Court of Appeals by a special action is not the forum for relief in relation to the minis-terial act performed by the Respondent-Court Administrator; the forum is the Superior Court.

We now come to the basic reason for the writing of this opinion. The Respondent-Presiding Judge has advised this Court that it is his uniform practice to permit the judge in relation to whom a notice of change of judge has been presented to rule upon the timeliness of the motion, that is, to determine whether there has been a waiver under Rule 42(f)(1)(D). We find that Rule 42(f) is not clear in this regard. Rule 42(f)(3) makes it clear that the effort to disqualify a judge to whom a case has been assigned must be by a timely application and if the application is not timely, or if there has been a waiver, then that judge has not been disqualified. We observe, who is better qualified to render the initial determination as to whether the judge in question has ruled "on the merits of the action" than the judge before whom the case is pending? The State Bar Committee notes are of aid in this question. These notes indicate that Rule 42(f) is a codification of prior practice. Under the only former method of securing a change of judge, that is, an A.R.S. § 12–409 affidavit of bias and prejudice which did not urge an actual factual bias and prejudice under the case of Hendrickson v. Superior Court, 85 Ariz. 10, 330 P.2d 507 (1958), the questioned judge always ruled on the timeliness of the disqualification. The Hendrickson type of disqualification is now covered by Rule 42(f)(2) and is not before this Court in this proceeding.

The record before us is not complete and does not permit this Court to determine the correctness of the 6 February order of the Respondent Judge wherein he stated that the notice of change of judge was not timely in that there had been a "ruling on some of the merits involved in this cause".[2] We observe that it is not ev-

---

1. We are not here concerned with the remedy, if any, should the Court Administrator refuse to place a case on the inactive calendar as required by the Rule.

2. A waiver of the right to change a judge exists when "the party participates before that judge in: (i) Any judicial proceeding which concerns the merits of

**594**

ery preliminary ruling which renders untimely the exercise of the right to disqualify a judge. Truck Equipment Company of Arizona v. Vanlandingham, 103 Ariz. 402, 442 P.2d 849 (1968).

We approve of the action of the Respondent-Presiding Judge in referring the matter back to the Respondent Judge for his decision on timeliness and waiver. In our opinion a resistance to the notice of change of judge having been filed, the Respondent Judge should have awaited the filing of a reply to the resistance. We are not called upon to decide whether the 25 January order honoring the notice of change of judge would have been final had the resistance to the notice not been on file prior to the time of the entry of that order. The lapse of the time prescribed by the rules to file the resistance did not deprive the Respondent Judge of the right to consider that resistance which had in fact been filed before the entry of the order.

We are concerned as to how a judge to whom a case has been assigned acquires knowledge of the attempted change of judge. As we read Rule 42(f) we find reference to service upon the "Presiding Judge". The judge so designated is the resident judge in counties having but one Superior Court judge and he is the judge so designated by the Arizona Supreme Court in those counties where there is more than one resident Superior Court judge. Article 6 § 11, Constitution of the State of Arizona.

Rule 42(f) does not appear to expressly require the service of a copy of the disqualifying document upon the judge whom it is sought to disqualify. The Maricopa County local rules in Rule IV(a), 17 A.R.S., does provide for such service.[3]

This local rule is consistent with and supplements the service provisions of Rule 42(f). We strongly urge that such supplemental service be effected in every instance even though it be that there is an absence of a local rule similar to the above-cited Maricopa County local rule.

In our opinion the record before us is not adequate to rule upon other issues raised by the special action and the Superior Court is the proper forum for the determination of those issues.

Under all of these circumstances we decline to accept jurisdiction of this special action and the issuance of the mandate in connection with this opinion will constitute an order dismissing this special action.

DONOFRIO, P. J., Department A, and OGG, J., concur.

the action and involves the consideration of evidence or of affidavits". Rule 42 (f) (1) (D). The order of 6 February is not couched in the language of the Rule and the record before us does not permit us to decide whether the Respondent Judge's 9 November order comes within the waiver provisions of the Rule.

3. An amendment to local Rule IV(a) was approved by the Supreme Court on 5 March 1973 which amendment does not modify our opinion as to the Rule's application to the situation before this Court.