921 P.2d 21

Clinton Charles **TALIAFERRO**,
Petitioner–Appellant,

and

**Robert A. Hirschfeld, Real Party in
Interest, Non–Party Appellant,**

v.

Johanna Antonia **TALIAFERRO**,
Respondent–Appellee.

No. CV–95–0500–PR.

Supreme Court of Arizona,
En Banc.

June 20, 1996.

Robert A. Hirschfeld, Phoenix, In Propria Persona.

Martin LaPrade, Phoenix, for Johanna Antonia Taliaferro.

## OPINION

MARTONE, Justice.

We granted review in this marital dissolution action to consider whether the failure of a trial judge to honor a notice of change of judge under Rule 42(f)(1), Ariz. R. Civ. P., affects the subject matter jurisdiction of the superior court. We hold that it does not. We also hold that a party aggrieved by the denial of a notice of change of judge must seek timely review by way of special action relief.

## I. THE RELEVANT PROCEEDINGS

Husband brought an action against wife for dissolution of their marriage. On January 27, 1993, Judge William Topf granted husband's petition for an order of protection against wife. On February 3, 1993, wife filed a notice of change of judge, and the case was assigned to Judge Alfred Rogers. Wife also filed a request for a hearing on the previously issued order of protection, which Judge Rogers scheduled for February 12, 1993. Husband "showed up and then left before the hearing commenced." Minute Entry of Feb. 12, 1993. Wife appeared, and the judge quashed the order of protection.

On February 24, 1993, husband filed a notice of change of judge as to Judge Rogers. On February 25, 1993, Judge Rogers denied husband's notice of change of judge "for the reason that a scheduled, contested hearing has taken place before this Court." Minute Entry of Feb. 25, 1993.[1]

---

1. The record fails to disclose the reason the judge ruled on the propriety of the notice without a

Husband did not seek special action relief from this denial. Instead, the case went to trial before Judge Rogers in July and August of 1993. On August 24, Judge Rogers signed a lengthy final judgment which, among other things, ordered husband's lawyer, out of the proceeds of the fee he earned from husband, to pay wife's lawyer's fees, and the balance, if any, to the clerk of the superior court, as a sanction for egregious misconduct. Both husband and his lawyer, Robert Hirschfeld, appealed to the court of appeals. That court concluded that husband did not waive his right to a change of judge, that the issue could be raised on appeal, and that once the notice was filed, Judge Rogers had no subject matter jurisdiction to proceed. It vacated the final decree. *Taliaferro v. Taliaferro,* 184 Ariz. 613, 911 P.2d 619 (App.1995). Because its opinion drew into question the validity of untold numbers of judgments, and believing further that an important issue of law had been incorrectly decided, Rule 23(c)(4), Ariz. R. Civ.App. P., we granted review.

## II. ANALYSIS

Wife argues that husband waived his right to file a notice of change of judge because he participated before Judge Rogers in a scheduled, contested matter within the meaning of Rule 42(f)(1)(D)(i), Ariz. R. Civ. P. After all, the subject matter of the hearing was husband's petition. Moreover, he had notice of it, showed up, and waived his physical appearance by leaving the premises. He could have, but did not, file a notice of change of judge before the hearing took place. The purpose of the waiver rule is to prevent parties from testing the waters and then filing a notice.

Wife also argues that, even if there was no waiver, an erroneous ruling on a notice of change of judge is not reviewable on appeal. She argues that it is absurd to allow a party to go through an expensive and lengthy trial only to discover on appeal that it was all for naught.

Husband did not respond to the petition for review, but his lawyer did on his own

response and reply. See *Guberman v. Chatwin,* 19 Ariz.App. 590, 592, 509 P.2d 721, 723 (1973)

behalf, not on behalf of husband. Hirschfeld argues that this is a question of subject matter jurisdiction. He claims that the subject matter jurisdiction of the court is extinguished through the proper filing of a Rule 42(f)(1) notice of change of judge. He also argues that the husband specifically waived his right to participate at the hearing in order to preserve his right to a peremptory change of judge. He thus argues that absenting oneself from a hearing is the exact opposite of participation.

We need not reach the question of whether the trial judge was in error in failing to honor the notice of change of judge because, even if the ruling was erroneous, it did not affect the subject matter jurisdiction of the court. We also conclude that rulings by noticed judges on the propriety of the notice are reviewable only by way of special action relief.

### A. Subject Matter Jurisdiction

Before Rule 42(f) was amended to allow a peremptory change of judge as of right, the same peremptory challenge "was accomplished by an affidavit of bias and prejudice which was a mere form and not intended or required to be true." *King v. Superior Court,* 108 Ariz. 492, 493, 502 P.2d 529, 530 (1972). Yet, such affidavits were also used as true challenges for cause. *See, e.g., Hendrickson v. Superior Court,* 85 Ariz. 10, 330 P.2d 507 (1958). Soon, the distinction between a peremptory challenge to a judge and a challenge for cause became blurred. *See, e.g., Hordyk v. Farley,* 94 Ariz. 189, 382 P.2d 668 (1963). The problem became murkier when, perhaps to justify the issuance of an extraordinary writ, the courts began to use the word "jurisdiction" in the context of affidavits of bias and prejudice. *Id.* at 195 n. 3, 382 P.2d at 672 n. 3.; *Huck v. Haralambie,* 122 Ariz. 63, 64, 593 P.2d 286, 287 (1979)("It is well settled in this jurisdiction that as soon as a pleading has been filed for change of judge, the judge who has been disqualified has no jurisdiction to do more than order the cause transferred to another judge.").

(Uniform Rule IV(a) applies to notice of change of judge).

But the word "jurisdiction" means different things in different contexts. In one context, it may mean the authority to do a particular thing. In another, it may mean the power of the court to entertain an action of a particular subject matter. These are very different uses. We recently had occasion to describe another example of an imprecise use of the word "jurisdiction" in a different context. *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 907 P.2d 67 (1995). We there noted that a long history of using the word "jurisdiction" to mean the scope of a probate proceeding was not to be confused with the subject matter jurisdiction of the superior court. *Id.* at 101, 907 P.2d at 70.

■ The same is true here. Article 6, § 14(9) of the Arizona Constitution vests original jurisdiction of a divorce proceeding in the superior court. This court could not, under its rule making power, detract from the constitutional grant of jurisdiction. Whatever the effect of an erroneous failure to honor a notice of change of judge, it cannot shrink the subject matter jurisdiction of that court to hear and determine the proceeding before it. This is especially true, where, as here, the rule which grants a peremptory challenge to a judge has properly been characterized as "a matter of grace." *Hickox v. Superior Court*, 19 Ariz.App. 195, 198, 505 P.2d 1086, 1089 (1973).

Consider *Guberman v. Chatwin*, 19 Ariz. App. 590, 509 P.2d 721 (1973), the seminal case in this area. This case established the consistent practice throughout Arizona that it is the noticed judge who decides the timeliness and waiver of the notice under Rule 42. *Id.* at 593, 509 P.2d at 724. It is the noticed judge that decides the propriety of the notice. Thus, the filing of the notice does not deprive that judge of all power to act. Even Rule 42(f)(3) acknowledges that the noticed judge may "make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury, loss or damage from occurring before the action can be transferred to another judge."

B. Special Action Relief

■ Suppose then that the noticed judge commits an error of law in failing to honor the notice. For example, the judge rules that the notice is untimely, when it is indeed timely, or that there has been waiver, where there has not been. Such errors are not well suited to an appeal after final judgment. First, unlike a proceeding based upon cause under Rule 42(f)(2), there is no way a party could show prejudice from the error on appeal. Second, it would convert what is essentially a "matter of grace," *Hickox*, 19 Ariz. App. at 198, 505 P.2d at 1089, into a trump card which would later destroy the validity of the entire proceeding. The administration of justice, already under great weight, needs no further burden.

What then to do? As *Hickox* noted, we have long recognized that special action relief lies for testing rulings dealing with a peremptory challenge of a judge. 19 Ariz.App. at 197, 505 P.2d at 1088. Until today, however, we have not said that a party must seek review by way of special action. But we believe it must be so. In like cases where an appeal makes no sense, we have said that a party must seek relief by special action. The classic example is our rule with respect to challenges to grand jury proceedings. Under Rule 12.9, Ariz. R.Crim. P., one can challenge these proceedings only by motion for a new finding of probable cause and, if such a motion is denied, "a defendant must seek relief before trial by special action." *State v. Murray*, 184 Ariz. 9, 32, 906 P.2d 542, 565 (1995). After all, following trial and conviction, a jury will have concluded that the defendant was guilty beyond a reasonable doubt. Under those circumstances, it is idle to think in terms of "probable cause."

The analogy, of course, is not exact, but we adopt the same procedure for a peremptory notice of change of judge. Once judgment has been entered in a civil action, it is too late in the day to be worrying about who tried the case, short of true challenges for cause under Rule 42(f)(2). In short, if we are to have a peremptory challenge to a judge, then we must have a system in which the opportunity to review a ruling on the propriety of a notice occurs before the judge presides over the case much further. Special action relief, unlike an appeal, of course, is discretionary. But, in our view, that is all a

party is entitled to on a rule-driven "matter of grace." *Hickox,* 19 Ariz.App. at 198, 505 P.2d at 1089.

Here, months after the trial court denied husband's notice of change of judge, the case went to trial. Husband never sought special action relief, and therefore he cannot now raise on appeal error in connection with the dishonor of his notice of change of judge.

In light of our experience, we could not fairly estimate the numbers of cases in which there may be lurking unresolved notices of change of judge, or cases in which notices were erroneously dishonored. If these notices affected the subject matter jurisdiction of the court, then parties who long ago thought their affairs had been settled, including those whose marriages have been dissolved, would be confronted with needless and cruel uncertainty. The rule we adopt today will encourage parties to ensure that their notices are timely and that there has not been waiver. More importantly, it will require parties to seek immediate judicial review or forever hold their peace.

### III. CONCLUSION

The opinion of the court of appeals is vacated and the case is remanded to the court of appeals for consideration of all other issues properly raised on appeal.

FELDMAN, C.J., ZLAKET, V.C.J. and MOELLER, J., concur.

ROBERT J. CORCORAN, J., (Retired) did not participate in the determination of this matter.