NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROBERT J. BARON, *Plaintiff/Appellant*,

*v.*

JAMES E. DILLARD; NINA VIERRA; ARIZONA MEDICAL TRAINING
INSTITUTE, *Defendants/Appellees*.

No. 1 CA-CV 14-0171
FILED 1-5-2016

Appeal from the Superior Court in Maricopa County
No.  CV2012-008010
The Honorable Maria del Mar Verdin, Judge *Retired*
The Honorable John Rea, Judge
The Honorable Arthur Anderson, Judge

**AFFIRMED**

COUNSEL

Robert J. Baron, Phoenix
*Plaintiff/Appellant*

Manning & Kass, Ellrod, Ramirez, Trester, L.L.P., Phoenix
By Scott A. Alles, Debora L. Verdier
*Co-Counsel for Defendants/Appellees*

Schneider & Onofry, P.C., Phoenix and Yuma
By Charles D. Onofry, Ronald D. DuBois, Luane Rosen
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

---

**K E S S L E R**, Judge:

**¶1**　　　　Appellant Robert J. Baron, appearing *in propria persona*, appeals the trial court's dismissal with prejudice of his first amended complaint and several collateral rulings.  For the reasons set forth below, we affirm the dismissal of his complaint and address any issues which are not made moot by the dismissal.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**　　　　Baron filed suit in justice court stemming from his participation in a phlebotomy course offered by Arizona Medical Training Institute ("AMTI").  AMTI had the case transferred to superior court, where Baron filed a first amended complaint alleging fraudulent inducement, negligence, and intentional infliction of emotional distress.  He sought $600,000 in damages.  Baron also named James Dillard, AMTI's director, and Nina Vierra, an AMTI employee, as defendants (collectively, with AMTI, "Appellees").

**¶3**　　　　Discovery was contentious from the start.  Appellees first sought to depose Baron in the justice court case, but Baron refused to appear, claiming that a deposition was unduly burdensome and that he could not appear during regular business hours.  The justice court ordered Baron to appear, but he again refused.  After having the case transferred to superior court, Appellees moved for dismissal based on Baron's refusal to appear for a deposition.  The superior court denied Appellees' motion, but ordered Baron to appear and awarded Appellees attorneys' fees.  Baron eventually relented.

**¶4**　　　　Appellees also requested copies of Baron's recent tax returns to evaluate his lost wages claim.  Baron refused to produce them, claiming that they were irrelevant.  Baron also refused to sign releases that would have authorized Appellees to obtain medical records pertaining to Baron's injury claim.  The superior court ordered Baron to sign the releases and provide six years of tax returns.  Baron continued to refuse both requests.

¶5 Appellees also moved to require Baron to furnish security for their costs under former Arizona Rule of Civil Procedure ("Rule") 67(d).[1] After considering Baron's written response and his testimony regarding his alleged inability to pay, the trial court ordered Baron to post a $3,000 bond. Baron refused, insisting that he could not afford to pay it.

¶6 Appellees next filed two motions to dismiss, one based on Baron's continuing refusal to comply with discovery orders and one based on Baron's refusal to provide the court-ordered security for costs. Around the same time, Baron moved for a change of judge under Rule 42(f)(2) and Arizona Revised Statutes ("A.R.S.") section 12-409(B)(5) (2003), claiming the trial judge was biased against him. The Civil Presiding Judge denied Baron's motion, following which the trial court granted both of Appellees' motions to dismiss without prejudice. The trial court awarded Appellees their costs, but denied their application for attorneys' fees.

¶7 On Appellees' motion for reconsideration, the trial court converted the dismissal to one with prejudice. Baron moved for a new trial under Rule 59(a), which the trial court denied. It appears Baron then filed a judicial complaint against the trial judge, who voluntarily disqualified herself. Baron then filed two motions to set aside the dismissal under Rule 60(c), both of which were denied by a new trial judge.

¶8 Baron filed four notices of appeal. We dismissed Baron's first notice of appeal as premature. Taking Baron's three remaining notices of appeal together and reviewing them liberally, *see McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 62 (App. 1997), we gather that he intends to appeal the rulings set forth above, as well as a handful of collateral rulings. We have jurisdiction under A.R.S. §§ 12-2101(A)(1), (5)(a) (Supp. 2015)[2] and 12-2102(A)-(B) (2003).

---

[1] Rules 67(d)-(f) were deleted by Supreme Court order dated September 2, 2014, effective January 1, 2015. The trial court entered its judgment of dismissal with prejudice on January 23, 2014. We therefore consider this issue under the former Rule 67.

[2] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

## DISCUSSION

### I. The trial court did not err when it dismissed Baron's first amended complaint.

**¶9**        The trial court dismissed Baron's first amended complaint because he did not comply with the court's discovery orders and refused to post a $3,000 cost bond.  Baron challenges both grounds for dismissal.  We affirm the dismissal for the reasons set forth below.

**¶10**        In reviewing a dismissal for discovery violations, we will uphold the dismissal unless the trial court clearly abused its discretion. *Rivers v. Solley*, 217 Ariz. 528, 530, ¶ 11 (App. 2008).  Under this standard, the question is "whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013) (citation omitted).  However, before dismissing a case for discovery violations, it must consider and reject lesser sanctions. *Roberts v. City of Phoenix*, 225 Ariz. 112, 121, ¶ 31 (App. 2010).  The trial court's discretion is more limited when it dismisses a case for discovery violations than when the court employs lesser sanctions. *Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, 147, ¶ 5 (App. 1999).

**¶11**        The record amply supports the trial court's finding that Baron "repeatedly failed to comply with basic discovery requests." The superior court gave Baron multiple chances to provide discovery as to his lost wages and personal injury claims and he steadfastly refused to comply.  He also forced Appellees to file multiple motions before he would sit for a deposition.

**¶12**        The record also shows that the trial court considered and employed lesser sanctions when it denied Appellees' first motion to dismiss and instead awarded attorneys' fees as a sanction. *See Roberts*, 225 Ariz. at 121, ¶¶ 31-32 (finding that trial court properly considered lesser sanctions by initially refusing to strike the offending party's pleadings).  Despite that sanction, Baron continued to refuse to produce the requested discovery. We therefore find no error in the trial court's dismissal with prejudice under Rule 37(b)(2)(C).[3]

---

[3] Given our holding on the dismissal for discovery violations, we do not address the other ground for dismissal, Baron's refusal to post a cost bond.

## II. The trial court properly denied Baron's motion for new trial.

**¶13**        Baron filed a motion for new trial under Rule 59(a) on myriad grounds.  We review the superior court's denial of a motion for new trial for an abuse of discretion, *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 581, ¶ 37 (App. 2015), and consider each of Baron's proffered grounds for a new trial below to the extent those grounds may have affected the dismissal for discovery violations.

### A.        Appellees' motion for reconsideration seeking dismissal with prejudice was not untimely.

**¶14**        Baron first argues that the trial court should have denied Appellees' motion for reconsideration as untimely because the court's order dismissing the case without prejudice was a final judgment.  Baron is incorrect; the order dismissing the amended complaint without prejudice was not a final judgment because the issue of attorneys' fees had not yet been resolved and because the dismissal order was not certified as final under Rule 54(b).[4]  *See Fields v. Oates*, 230 Ariz. 411, 414, ¶ 10 (App. 2012) ("The superior court ordinarily should not enter judgment until claims for attorneys' fees are resolved.").  Appellees' motion for reconsideration was not untimely.

### B.        Baron's motion for new trial offered no new evidence or argument on the issues discussed above and raised other issues which are mooted based on our ruling on dismissal for discovery violations.

**¶15**        A new trial should be granted only if the trial court believes some error in the conduct of the original trial probably affected the verdict. *S. Ariz. Freight Lines v. Jackson*, 48 Ariz. 509, 512 (1936).  We already have addressed several of Baron's proffered grounds for a new trial, including his oppositions to (1) the order dismissing the amended complaint without prejudice, (2) the order dismissing the amended complaint with prejudice, and (3) the orders compelling Baron to produce tax returns and medical releases.  We need not address these issues again because Baron asserted

---

[4] Baron argues otherwise based on the trial court's denial of Appellees' then-pending claim for attorneys' fees.  The trial court was referring to Appellees' claim for fees incurred in preparing and filing their motion for discovery sanctions under Rule 37(a)(4).  This is confirmed by the trial court's subsequent consideration of Appellees' application for attorneys' fees.

the same argument in his motion for new trial as he did in his opening brief on appeal.

**¶16** Baron argued in his motion for new trial that the court had erred in not ruling on his assertion that the Appellees were in default by not timely answering the complaint. That argument was not cognizable. Baron filed a motion for default judgment four days *after* Appellees answered the first amended complaint. Baron did not move for entry of default under Rule 55(a); therefore, Appellees were not in default when they answered. The trial court correctly took no action on Baron's motion.

**¶17** Baron raised several other issues in his motion for new trial about alterations to hearing transcripts, the trial court sustaining Appellees' objections to Baron's discovery requests, and the court ordering him not to contact Appellees' insurer. Although Baron raises these issues on appeal, our ruling affirming the dismissal for discovery violations moots these issues on appeal. *Sandblom v. Corbin*, 125 Ariz. 178, 182 (App. 1980) (finding a case is moot when an event occurs which renders the relief sought without practical effect on the parties to the action).

### III. The trial court properly denied Baron's two motions to set aside the dismissal.

**¶18** Baron filed two motions to set aside the judgment of dismissal with prejudice under Rule 60(c). He argues that both motions were improperly denied. We disagree and address only the issues raised in those motions which might have affected the dismissal for discovery violations.

**¶19** We evaluate a trial court's denial of a Rule 60(c) motion for an abuse of discretion. *Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15 (App. 2010). We limit our review to those questions raised in the motion and do not review generally whether the court was substantively correct in entering the judgment from which relief was sought. *Id*. at ¶ 14.

**¶20** Baron's first Rule 60(c) motion sought relief under Rule 60(c)(3) because of fraudulent acts allegedly committed by Appellees' counsel. To obtain relief under Rule 60(c)(3), Baron must demonstrate a meritorious claim that he could not fully present before judgment because of the adverse party's fraud, misrepresentation, or misconduct. *Estate of Page v. Litzenburg*, 177 Ariz. 84, 93 (App. 1993). Even assuming Appellees' counsel engaged in misconduct, which Baron failed to establish, the alleged

misconduct did not prevent Baron from asserting his claims.[5] Baron's claims instead were dismissed because he refused to comply with multiple court orders. Baron was not entitled to relief under subsection (3).

¶21 Baron's first motion also cited Rule 60(c)(6), under which the trial court can grant relief if there are extraordinary circumstances of hardship or injustice. *See Panzino v. City of Phoenix*, 196 Ariz. 442, 445, ¶ 6 (2000). Baron demonstrates no such circumstances; he instead argues that the first trial judge's voluntary disqualification invalidated all earlier rulings. Baron cites no relevant authority in support of this proposition; we therefore deem it waived. *See* ARCAP 13(a)(7); *Sholes v. Fernando*, 228 Ariz. 455, 461, ¶ 16 (App. 2011). In any event, the new trial judge found no bias, prejudice, or misconduct stemming from the voluntary disqualification, and Baron does not identify any error in the new judge's findings.

¶22 Baron's second Rule 60(c) motion did not seek relief on any basis which would affect the dismissal for discovery violations. As such, we do not discuss any such issue because it is moot based on our affirming the dismissal with prejudice.

¶23 For these reasons, we find that the trial court did not abuse its discretion in declining to set aside its order of dismissal with prejudice.

**IV. The other issues Baron raises on appeal do not pertain to the dismissal of his first amended complaint.**

¶24 Baron appeals several other orders that do not directly relate to either the dismissal of his first amended complaint or the denials of his post-trial motions. We address each order briefly below.

### A. The Civil Presiding Judge properly denied Baron's motion for change of judge.

¶25 As noted above, the Civil Presiding Judge denied Baron's motion seeking a change of judge based on alleged bias. We review the denial of a motion for change of judge based on alleged bias for an abuse of

---

[5] The instances of "fraud" Baron cited are: (1) the "manipulated transcripts"; (2) an alleged false statement of costs filed by Appellees; (3) allegedly false statements regarding whether a certain tape recording existed; (4) Appellees' counsel's representation that the insurer was their client, which Baron claims was false; and (5) the trial court's order barring him from directly contacting the insurer.

discretion.[6]  *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013).  We begin our review with the presumption that trial judges are free of bias and prejudice.  *Id.*

**¶26**        Baron's purported evidence of bias consisted of the first trial judge's discovery and cost bond rulings, as well as her ruling that Baron could not contact Appellees' insurance carrier directly.  Baron argued that each of these rulings and comments "indicate [the first trial judge's] bias and prejudice against the Plaintiff . . . ."

**¶27**        Judicial rulings alone do not support a finding of bias; Baron must show that there is an extrajudicial source of bias or deep-seated favoritism.  *Id.*  Moreover, pure speculation as to the trial judge's motives is not ground for a change of judge.  *Costa v. Mackey*, 227 Ariz. 565, 571, ¶ 12 (App. 2011).  The Civil Presiding Judge did not abuse his discretion in denying Baron's motion.

### B.    The trial court's denials of Baron's various motions for reconsideration are not appealable.

**¶28**        Baron's notice of appeal also included several orders denying various motions for reconsideration he filed throughout the proceedings. We review the denial of a motion for reconsideration for an abuse of discretion.  *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009).

**¶29**        Baron's notice of appeal list the denials of his motions for reconsideration on the following subjects:

---

[6] Appellees argue that we lack jurisdiction to review this issue because motions for a change of judge can only be reviewed by special action, citing *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223 (1996).  *Taliaferro* involved a notice of change of judge as a matter of right under Rule 42(f)(1), *see id.* at 222, whereas Baron moved for a change of judge *for cause* under Rule 42(f)(2). Rule 42(f)(2) motions can be reviewed in an ordinary appeal.  *See Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013). Appellees also point out that Baron filed a separate petition for special action on this issue.  This court declined jurisdiction over Baron's petition, which does not constitute a ruling on the merits.  *See State v. Felix*, 214 Ariz. 110, 112, ¶ 10 (App. 2006) ("The exercise of our jurisdiction to address an issue raised by special action is discretionary—we may decline jurisdiction and thereby render no decision on the merits at all.").  We therefore consider Baron's appeal on this issue.

- Baron's purported inability to pay the $3,000 cost bond;

- The trial court's order sustaining Appellees' objections to Baron's discovery requests;

- The Civil Presiding Judge's order denying Baron's motion for change of judge; and

- The trial court's dismissal of the first amended complaint without prejudice while, according to Baron, his special action appeal remained pending.[7]

The first three motions for reconsideration did not raise any issues different from those raised in Baron's appeal of the underlying judgment. In the interest of brevity, we will not repeat our analysis of those issues here.

**¶30**        As for the fourth motion, Baron did not discuss it in his opening brief. He therefore has waived the issue. *See Dawson v. Withycombe*, 216 Ariz. 84, 100 n.11, ¶ 40 (App. 2007). In any event, the trial court later dismissed Baron's first amended complaint *with* prejudice, rendering any error in dismissing the case *without* prejudice effectively moot. *See Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985) ("Appellate courts do not give opinions on moot questions. Nor do they act as a fountain of legal advice." (internal citation omitted)).

## V. Appellees are entitled to attorneys' fees on appeal.

**¶31**        Appellees request an award of attorneys' fees on appeal under A.R.S. § 12-341.01 (Supp. 2015), Rule 11, and A.R.S. § 12-349(A) (Supp. 2015). We agree that attorneys' fees on appeal are called for here under A.R.S. § 12-349(A)(1) and (A)(3). Pursuant to that statute, we can award attorneys' fees on appeal if a party brings a claim without substantial justification or unreasonably expands the proceedings. A.R.S. § 12-349(A)(1), (3). For these purposes, "without substantial justification" is defined as a claim that is "groundless and is not made in good faith." A.R.S. § 12-349(F). As explained above, Baron has not raised any justification for his refusal to obey discovery orders and the resulting dismissal of his

---

[7] Baron's special action was not pending. This court declined jurisdiction over Baron's special action petition on July 18, 2013, and the trial court did not enter its order of dismissal until August 13, 2013.

complaint. Many of his other arguments on appeal do not affect that dismissal and those issues which might have affected the result were not posited on any sound factual or legal argument. As such, the appeal was without substantial justification, cannot be considered to have been prosecuted in good faith, and unreasonably expanded the proceedings. *See ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 52-57 (App. 1996) (awarding fees on appeal where appellant's appeal was frivolous); *Larkin v. State ex rel. Rottas*, 175 Ariz. 417, 426-27 (App. 1992) (finding fees awardable on appeal because the party's actions unreasonably delayed the proceedings without support by any reasonable authority). Accordingly, we will award Appellees reasonable attorneys' fees and taxable costs incurred on appeal pursuant to A.R.S. §§ 12-349 and 12-341 upon timely compliance with ARCAP 21. Given our ruling on this issue, we do not discuss whether fees are also awardable under A.R.S. § 12-341.01(A) or Rule 11.

## CONCLUSION

**¶32** We affirm the trial court's dismissal of Baron's first amended complaint, and affirm its other rulings as set forth above.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama