NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JUAN ANTONIO ROSALES PEREZ and MARIA ISABEL ROSALES,
husband and wife, OLGA LIDIA ROSALES-PEREZ, *Petitioners*,

*v.*

THE HONORABLE DAVID J. MARTIN, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of NAVAJO,
*Respondent Judge*,

MICHAEL L. BALDWIN and DEANNA L. BALDWIN, husband and wife,
*Real Party in Interest*.

No. 1 CA-SA 19-0197
FILED 10-17-2019

---

Petition for Special Action from the Superior Court in Navajo County
No. S0900CV201800357
The Honorable David J. Martin, Judge *Pro Tempore*

**JURISDICTION ACCEPTED, PARTIAL RELIEF GRANTED**

---

COUNSEL

Coronado Law Firm PLLC, Lakeside
By Eduardo H. Coronado
*Counsel for Petitioners*

Holland Saline & Lewis, Snowflake
By Joseph E. Holland
*Counsel for Real Parties In Interest*

---

## MEMORANDUM DECISION

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

S W A N N, Chief Judge:

¶1        The defendants in this civil action seek special-action relief from orders denying their notice of change of judge as of right and their motion for change of judge for cause. We accept jurisdiction and grant relief in part.

## FACTS AND PROCEDURAL HISTORY

¶2        The defendants, represented by the Coronado Law Firm, moved for change of judge for cause in December 2018. Defense counsel Eduardo H. Coronado's affidavit stated that assigned Judge David J. Martin was biased because he had previously represented Coronado's ex-partner in litigation against Coronado and because he had criticized Coronado in the local press. The presiding judge denied the for-cause motion in February 2019, holding that Coronado's associate Joseph C. Finch could represent the defendants.

¶3        The defendants next filed a notice of change of judge as of right. Judge Martin denied the notice as untimely in March 2019.

¶4        In May 2019, the defendants moved for reconsideration of the denial of both the for-cause motion and the of-right notice. With respect to the for-cause motion, the defendants asserted that the basis for the motion's denial had to be reconsidered because Finch's employment at the Coronado Law Firm was soon ending. The defendants advanced no grounds for reconsideration of the of-right notice.

¶5        The presiding judge denied the motion for reconsideration in September 2019, reiterating the untimeliness of the of-right notice but not specifically addressing the for-cause motion. The defendants seek special-action relief with respect to both the of-right notice and the for-cause motion.

## DISCUSSION

**¶6**        We accept special-action jurisdiction because a special action provides the only avenue for relief from the denial of a notice of change of judge as of right, *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223 (1996), and any appellate review of the denial of a notice for change of judge for cause, *see Stagecoach Trials MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568–69, ¶¶ 20–25 (App. 2013), is not equally plain, speedy, and adequate, *see* Ariz. R.P. Spec. Act. 1(a).

**¶7**        We deny relief with respect to the denial of the of-right notice. Ariz. R. Civ. P. ("Rule") 42.1(c) provides that, absent circumstances not present here, a notice of change of judge as of right must be filed within 90 days after the movant first appears in the case. The defendants do not dispute that their of-right notice was untimely under Rule 42.1(c).

**¶8**        We grant relief with respect to the denial of the for-cause motion. A party is entitled to change of judge for cause if the party objectively "has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he [or she] cannot obtain a fair and impartial trial." A.R.S. § 12-409(A), (B)(5); Rule 42.2(e)(4). The record before us does not reflect that the superior court applied that standard in assessing the defendants' motion.

**¶9**        If anything, the court's ruling suggests that it did find that the defendants reasonably believed that Judge Martin was biased against Coronado, but that the bias would be avoided if Coronado's associate represented them. As a practical matter, we reject the idea that the intra-firm delegation would effectively resolve the alleged grounds for concern. Further, the delegation was tantamount to an order disqualifying counsel—it first had the effect of disqualifying Coronado himself, and, when the associate left, presumably disqualified the firm (an issue that the court failed to address when ruling on the motion for reconsideration). Disqualification of a party's chosen counsel is justifiable only in extreme circumstances, *see Simms v. Rayes*, 234 Ariz. 47, 50, ¶ 8 (App. 2014), and the record before us reveals no facts to support disqualification.

## CONCLUSION

**¶10** For the reasons set forth above, we vacate the denial of the defendants' motion for change of cause for cause and remand with instructions that the superior court reconsider the motion under the standards prescribed by A.R.S. § 12-409 and Rule 42.2.



AMY M. WOOD • Clerk of the Court
FILED: AA