NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEVIN ANDRICH,
*Plaintiff/Appellant,*

*v.*

JEROME FRANCIS MEYERS, JR., et al.,
*Defendants/Appellees.*

No. 1 CA-CV 20-0277
FILED 4-20-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-000376
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Devin Andrich, Phoenix
*Plaintiff/Appellant*

Singer Pistiner, P.C., Scottsdale
By Jason Pistiner, Robert S. Singer
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**T H U M M A**, Judge:

¶1 Plaintiff Devin Andrich appeals from a judgment against him and in favor of defendants Jerome Francis Meyers, Jr., and others. Because Andrich has shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 For a time, Andrich lived with Jerome and Lisa Meyers in their home in Maricopa County. After Andrich moved out, he believed he left his laptop, server and some clothing with the Meyers. In early January 2015, Jay Seitz, Andrich's IT specialist, tried to contact the Meyers to recover Andrich's property. The Meyers first refused but then left property in their driveway for Andrich or Seitz to retrieve.

¶3 According to Andrich, Seitz picked up the server on January 8, 2015, and learned that its hard drives had been removed. Andrich claims he never received the laptop, and that the Meyers still have it. The Meyers, however, stated they returned the laptop to Andrich via Seitz on January 7, 2015. Jerome Meyers later would testify he never had possession of the laptop and only returned the server. Meyers also testified that Andrich used the terms "server" and "laptop" interchangeably.

¶4 Andrich sued the Meyers and others in January 2018, alleging fraud and a claim for "injunctive relief" based on the allegation that the Meyers "Continue to Remain in Possession of [his] Laptop and Server Hard Drive." The superior court granted the Meyers' motion to dismiss for failure to plead sufficient facts or cognizable claims. The court, however, granted Andrich leave to file an amended complaint.

¶5 Andrich filed a proposed amended complaint in August 2018, asserting fourteen causes of action, including negligence per se, tortious interference, invasion of privacy, intentional infliction of emotional distress, conversion, negligence, fraud, claims based on the residential landlord-tenant act or a purported contract, promissory estoppel and unjust enrichment. The court found thirteen of the proposed causes of action were

futile, untimely, or both. The court permitted an amended complaint as to the promissory estoppel claim, which Andrich filed in September 2018.

¶6          In November 2018, the parties raised a disclosure dispute with the court. Andrich argued that, because Seitz planned to testify that the Meyers never returned the laptop, the Meyers' initial disclosure statement improperly omitted the location of the laptop. The Meyers, by contrast, maintained they did not have the laptop. The court ordered the Meyers to file a "supplemental disclosure statement that is unambiguous as to whether Defendants possess the computer or the hard drive, have back-up images from the hard drive, and disclose when they last had possession of the computer or hard drive."

¶7          The Meyers' supplemental disclosure statement, submitted six days late, declared that they left all of Andrich's remaining property, including a laptop, in their driveway, which Seitz picked up. In response, Andrich filed what was in substance a request for sanctions, *see* Ariz. R. Civ. P. 37(b) (2021),[1] asking the court to strike the Meyers' answer and enter default judgment due to the untimeliness of the disclosure and because the Meyers "refused to disclose the location and whereabouts of Plaintiff's laptop and server hard drive." In January 2019, the superior court denied Andrich's request for sanctions because he disregarded various procedural rules. The court also found Andrich failed to show how the untimely disclosure caused any prejudice. The court again ordered the Meyers to provide a supplemental disclosure and provided unambiguous form language for the Meyers to follow. The Meyers made a second supplemental disclosure in late January 2019, stating they last possessed Andrich's "computer and/or hard drive" on January 7, 2015, they never possessed an image of the hard drive, and were not in possession of Andrich's computer or hard drive.

¶8          In June 2019, during a pretrial hearing, the court told the parties that any trial would be a one-day trial. During a pretrial conference three months later, the Meyers agreed to a one-day trial while Andrich suggested the trial may go longer than one day. The court set a one-day trial, noting "in the unlikely situation that I conclude we need to go beyond one day, they don't need to be consecutive days."

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶9          At 4:11 p.m. the day before trial, Andrich filed a motion for change of judge for cause. *See* Ariz. R. Civ. P. 42.2. Andrich argued the assigned judge was biased against him because he was "very close" with another judge who presided over a criminal proceeding against Andrich. *See, e.g., State v. Andrich*, No. 1 CA-CR 18-0600 PRPC, 2019 WL 150497 (Ariz. App. Jan. 1, 2019). As evidence, Andrich pointed to a photograph from an investiture ceremony, where the assigned judge sat near the other judge as well as the fact that the two judges had previously worked at the same law firm. Andrich's motion was assigned to the Presiding Judge of the Maricopa County Superior Court, who then designated the civil presiding judge to address the motion. Because the civil presiding judge was mentioned in the motion, she designated another judge to address the motion. That judge denied Andrich's motion.

¶10         At the beginning of the trial, the court reiterated that it would be a one-day trial and each party would have about two hours and 20 minutes to present their case. During examination, the court informed Andrich his time had been exhausted and he had nine more minutes. Although Andrich did not testify, he spent approximately two hours and 30 minutes examining three witnesses, which he had estimated would take less than two hours. After Andrich rested in his case in chief, the Meyers moved for a directed verdict. The court granted the motion and held that Andrich failed to meet his burden of proving the elements of his promissory estoppel claim.

¶11         Andrich filed a motion for new trial claiming: "1) Irregularity in the court's orders and proceedings, depriving Plaintiff of a fair trial; 2) Misconduct by defendants; 3) Errors in the rejection of evidence occurring both at trial and during the progress of the action; and 4) Decisions and the verdict issued by the court result from the court's own admitted and memorialized passion and prejudice." *See* Ariz. R. Civ. P. 59(a)(1)(A), (B), (F), (G). The court denied the motion in a lengthy ruling, finding Andrich's arguments were not supported by competent evidence, were based on his misunderstanding of the applicable procedural rules, and were frivolous, specious, mendacious and unrelated to the case.

¶12         On January 27, 2020, the superior court issued an order proposing to designate Andrich a vexatious litigant. *See* A.R.S. § 12-3201. The court allowed Andrich until 5:00 p.m. on February 10, 2020, to respond. On February 5, 2020, Andrich filed an 18-page motion to extend time to oppose the court's proposed vexatious litigant finding, arguing the deadline for his response should be 21 days from the entry of the court's order. The court granted that request and extended the deadline to

February 17, 2020. At 4:30 p.m. on February 17, 2020, Andrich filed a 15-page second extension request, seeking "45-60 days to obtain the trial transcript." The court denied this request, noting that Andrich "often wait[s] until a deadline to seek more time." Further, the court found Andrich did not need the hearing transcripts to respond to the court's proposed findings. The court declared Andrich a vexatious litigant in this matter and referred the matter to the presiding judge to consider whether to designate him a vexatious litigant in future cases.

¶13        The superior court awarded the Meyers attorneys' fees of $3,708 and taxable costs of $485.77, which represented the portion of fees associated with Andrich's unsuccessful contract claims. *See* A.R.S. § 12-341.01. This court has jurisdiction over Andrich's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶14        Andrich seeks to press eight issues on appeal, each of which he claims constitute reversible error. In several material respects, Andrich's opening brief fails to comply with this court's rules. *See* ARCAP 13(a)(7) (requiring, *inter alia*, "citations of legal authorities and appropriate references to the portions of the record"). In addition, some of Andrich's arguments are unfounded or unsupported, meaning they are waived. The discussion that follows addresses the arguments Andrich apparently seeks to press on appeal.

## I.        The Court Did Not Err in Rejecting Thirteen of Andrich's Proposed Causes of Action.

¶15        Andrich argues the court erred in rejecting all but one of the causes of action alleged in his proposed amended complaint as futile, arguing the court improperly determined accrual dates of his claims in finding they fell outside the applicable statutes of limitations. The denial of a motion for leave to amend is reviewed for an abuse of discretion. *Swenson v. Cnty. of Pinal*, 243 Ariz. 122, 128 ¶ 21 (App. 2017) (citing cases). "A court does not abuse its discretion in denying a motion for leave to amend if the amendment would be futile." *Id.* (quoting *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 292 ¶ 26 (App. 2010)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim. *Swenson*, 243 Ariz. at 128 ¶ 22 (citing Ariz. R. Civ. P. 12(b)(6)); *accord Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 392 ¶ 17 (App. 2014).

¶16        The court determined twelve of the fourteen proposed causes of action failed to "plead cognizable claims." Andrich does not challenge that conclusion on appeal, meaning any such challenge is waived. *See, e.g.,* *Lunney v. State*, 244 Ariz. 170, 181 ¶ 40 (App. 2017).

¶17        The other proposed cause of action the court rejected was for conversion. Conversion claims are subject to a two-year statute of limitations. A.R.S. § 12-542(5). Under the discovery rule, such a claim accrues when the plaintiff is aware of the underlying facts. *See, e.g., Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). Andrich's proposed amended complaint alleged he became aware that the Meyers refused to return his property to him no later than January 8, 2015. Under the statute of limitations, Andrich had until January 8, 2017 to file a claim for conversion. By waiting until August 2018, Andrich missed the limitations period, meaning the claim was untimely.

¶18        Andrich incorrectly quotes *Amfac Distribution Corporation v. Miller*, 138 Ariz. 152, 153 (1983) for the proposition that a claim for conversion does not accrue until actual injury or damages occur. *Amfac* holds that actual injury is required for *negligence* claims, *id.*, while conversion is an intentional tort, *see Miller v. Hehlen*, 209 Ariz. 462, 472 ¶ 37 (App. 2005). Further, a plaintiff is not required to prove damages to prevail on a conversion claim. *See Focal Point, Inc. v. U-Haul Co. of Ariz., Inc.*, 155 Ariz. 318, 319 (App. 1986). On this record, Andrich has not shown the court abused its discretion in rejecting the thirteen causes of action.

## II.     The Court Did Not Abuse its Discretion in Resolving the Disclosure Dispute.

¶19        Andrich argues the superior court improperly denied his request for relief involving the disclosure dispute, a ruling this court reviews for abuse of discretion. *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 598 ¶ 26 (App. 2001). Andrich has shown no abuse of discretion.

¶20        Andrich alleged a disclosure dispute existed because there was a disagreement about whether the Meyers still had his property. The court ordered the Meyers to supplement their disclosure describing whether they had the laptop. They did so, stating they did not have the laptop. Andrich argues the court erred in not compelling the Meyers to disclose the location of the laptop. But the court cannot compel a party to disclose information it does not have. Andrich also argues the court erred by failing to sanction the Meyers. But Andrich has shown no sanctionable

conduct or that the court abused its discretion in denying his request for sanctions.

### III. Andrich Has Shown No Constitutional Violation in the Resolution of His Motion for Change of Judge for Cause.

¶21        To the extent Andrich seeks to challenge the denial of his motion for change of judge, this court lacks appellate jurisdiction to consider such a challenge. *See Taliaferro v. Taliaferro*, 186 Ariz. 221, 223–24 (1996). Andrich argues that his constitutional rights were violated when the civil presiding judge "hand selected" the judge who would resolve his motion. Andrich argues the civil presiding judge instead should have had the Maricopa County Superior Court Presiding Judge select the judge to preside over his motion for change of judge.

¶22        The assignment complied with applicable rules. *See* Ariz. R. Civ. P. 42.2(a). Andrich cites no case law for the proposition that the process used here violated his rights. In fact, even if a presiding judge is personally disqualified from hearing a case, it is nevertheless proper for him or her to reassign the case to another judge. *State v. Watkins*, 125 Ariz. 570, 611 (1980). Judges are presumed to be impartial, *State v. Ramsey*, 211 Ariz. 529, 541 ¶ 38 (App. 2005), and Andrich has shown no violation of his rights in the process used here.[2]

### IV. Andrich Was Not Prevented from Filing a Response to the Proposed Vexatious Litigant Findings.

¶23        Andrich argues his constitutional rights were violated because he was not allowed to respond to the superior court's vexatious litigant findings. Not so. The court afforded him an opportunity to respond. Instead, Andrich filed a lengthy motion to extend the deadline, which the court granted. Rather than respond within that extended deadline, Andrich filed a second lengthy request for additional time, noting that he needed transcripts to respond. The court denied that request and provided supporting findings, including that he did not need transcripts to respond. Andrich does not challenge those findings. Andrich cites no case law to support his claim that, by denying his second request for additional time, the court prevented him from making a filing or violated his constitutional rights.

---

[2] Andrich's related argument that "the trial court retaliated against" him because he moved to change judge for cause is unsupported legally or factually.

## V. The Court Did Not Err by Imposing Time Limits for Trial.

¶24        The court may impose time limits and allocate trial time to "facilitate a just, speedy, and efficient resolution of the action," Ariz. R. Civ. P. 40(b)(1), 16(j), provided they are reasonable under the circumstances, *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91 ¶ 29 (App. 1998). The court provided Andrich several months' notice that the trial would last no longer than one day. Andrich did not object to that limitation and he did not ask for more time after his examination of witnesses. Accordingly, he has waived any arguments regarding time limits for the trial. *See Cullum v. Cullum*, 215 Ariz. 352, 355 ¶ 14 n.5 (App. 2007). Andrich has not shown the time limits were unreasonable and the expiration of Andrich's time was solely attributable to his conduct. *See Gamboa v. Metzler*, 223 Ariz. 399, 402 ¶¶ 14–15 (App. 2010). Nor has he shown how he was harmed by the time limits — a requirement to prevail on a due process claim. *State v. Dunlap*, 187 Ariz. 441, 450 (App. 1996) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)). Therefore, Andrich has shown no error.

## VI. The Court Did Not Err in Refusing to Reopen the Case.

¶25        After the court ended Andrich's time for examination, it became apparent that Andrich failed to present evidence of several elements essential to his promissory estoppel claim. Andrich offered to testify to provide such evidence, but the court denied his offer because his allocated time had been exhausted. The court has discretion, but is not required, to reopen a case to introduce omitted testimony. *See* Ariz. R. Civ. P. 40(d). Andrich has presented no argument as to why justice required the court to reopen the case, particularly given the court's finding (supported by the record) that his failure to present relevant testimony was due to Andrich's time mismanagement. Andrich has shown no error here.

## VII. The Court Did Not Abuse Its Discretion When Denying Andrich's Motion for New Trial.

¶26        A superior court's denial of a motion for new trial is reviewed for an abuse of discretion. *State v. Mills*, 196 Ariz. 269, 271 ¶ 6 (App. 1999). On appeal, Andrich challenges the denial of his motion for new trial on the grounds that the superior court "ratif[ied] . . . Appellees['] disclosure violations." But the court otherwise addressed his claim that the Meyers had not complied with their disclosure obligations. The Meyers consistently specified they had returned Andrich's property as discussed above and they did not know where the property was by the time the litigation began. The court found that Andrich "did not provide competent evidence before

or during trial" to rebut the Meyers' statements. Andrich has shown no error.

## VIII. The Court Did Not Abuse Its Discretion When Awarding Attorneys' Fees to the Meyers.

¶27 The superior court awarded the Meyers $3,708 in attorneys' fees under A.R.S. § 12-341.01(A). Although couched as an assertion that the fee award was improper, Andrich's argument "is that the State and the [State Bar of Arizona] are actively assisting [the Meyers] in the continued theft of" Andrich's property, noting that "[n]othing has stopped the Supreme Court of Arizona, State or SBA from either appointing a conservator, or executing search warrants upon" the Meyers. Such an argument does not show how the fee award was improper. Accordingly, that award is affirmed.

## CONCLUSION

¶28 The judgment is affirmed. The Meyers seeks attorneys' fees pursuant to A.R.S. §§ 12-341.01 and -349. In the court's discretion, the request for fees is denied. The Meyers, as prevailing parties, are awarded their taxable costs on appeal, contingent upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA